**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANTHONY BRAGDON )<br>7170 Mahogany Drive )<br>Hyattsville, Maryland 20785 )<br> )<br>          Plaintiff, )<br>v. )<br> )<br>THE UNITED STATES OF AMERICA )<br>Serve: Civil Process Clerk )<br>United States Attorney's Office )<br>555 4th Street, N.W. )<br>Washington, D.C. 20001 )<br> )<br>Also Serve: )<br>     Kenneth L. Wainstein )<br>     United States Attorney for the )<br>     District of Columbia )<br>     555 4th Street, N.W. )<br>     Washington, D.C. 20001 )<br> )<br> Also Serve: )<br>     The Honorable Alberto Gonzales )<br>     Attorney General of the United States )<br>     Department of Justice )<br>     950 Pennsylvania Avenue )<br>     Washington, D.C. 20530-0001 )<br> )<br>and )<br> )<br>FEDERAL BUREAU OF INVESTIGATION )<br>9th Street and Pennsylvania Avenue )<br>Washington, D.C. 20535 )<br> )<br> Also Serve: )<br>     Edward Williams )<br>     Chief Division Counsel )<br>     601 Fourth Street N.W. )<br>     Washington, D.C. 20535 )<br> )<br>and )<br> )<br>U.S. DEPARTMENT OF JUSTICE )<br>950 Pennsylvania Avenue )<br>Washington, D.C. 20530 )<br> )<br>          Defendants. ) | CIVIL ACTION NO.:<br><br><br>**COMPLAINT** |

For his complaint against Defendant, United States of America and, more specifically, the Federal Bureau of Investigation ("FBI") and the Department of Justice ("DOJ"), Plaintiff, Anthony Bragdon (hereinafter "Plaintiff" or "Bragdon") hereby states and alleges the following:

## JURISDICTION AND VENUE

1.     This action seeks recovery of damages under the Federal Tort Claims Act ("FTCA") where the intentional, negligent or otherwise wrongful acts or omissions of certain employees of the United States, acting within the scope of their office or employment, proximately caused or substantially contributed to the harms complained of herein, all under circumstances where the United States, if a private person, would be liable to Plaintiff.

2.     This Court possesses jurisdiction over this matter pursuant to the Federal Tort Claim Act 28 U.S.C. §2671, et seq., in addition to 28 U.S.C. §§1346, 1331, and/or 1332.

3.     On or about March 9, 2005, Bragdon, by and through counsel, presented Administrative Claims for relief pursuant *inter alia.* to the FTCA, 28 U.S.C. § 2401, and 28 CFR § 14.1, *et seq.* (the "Administrative Claim") to the FBI and the DOJ.  True and accurate copies of said Administrative Claims are attached hereto as **EXHIBITS A** and **B** respectively and are incorporated herein.

4.     On or about August 17, 2005, the FBI and/or the DOJ sent Bragdon a letter denying Bragdon's Administrative Claim ("Claim Denial").  A true and accurate copy of the Claim Denial is attached hereto as **EXHIBIT C** and incorporated herein.

5.     Venue is proper in the District of Columbia, *inter alia*, as all or a substantial part of the acts, events or omissions giving rise to Plaintiff's claims occurred in the District of Columbia.

## THE PARTIES

6.     At all relevant times alleged herein Bragdon  was a resident of the District of Columbia.

7.     At all relevant times alleged herein, Michael P. Malone ("Malone") was an employee and/or Special Agent of the FBI, a constituent agency of the DOJ.  Malone worked in the FBI's crime lab and acted under the color of laws of the United States of America.

8.     The FBI and DOJ are each considered a "Federal Agency" for purposes of the FTCA under 28 U.S.C. § 2671.  More particularly, the FBI is a federal law enforcement agency statutorily empowered by the United States Congress to investigate, enforce and prosecute violations of the United States Criminal Code. 28 U.S.C. § 533.

9.     The FBI is also empowered to  investigate crimes in the District of Columbia as the law enforcement and investigative agency of the United States Attorney and/or the Attorney General which prosecute violations of law in the District of Columbia.

10.     By way of mission statement, the FBI has publicly articulated certain "core values" which need to be preserved and defended by the FBI in performing its statutory missions.  Those values, to which the FBI and its employees are to be true and to exemplify are: "Adherence to the rule of law and the rights conferred to all under the United States Constitution; Integrity through everyday ethical behavior; Accountability by accepting responsibility for our actions and decisions and the consequences of our actions and decisions; Fairness in dealing with people; and Leadership through example, both at work and in our communities."

11.     The United States is a defendant herein pursuant to the FTCA, arising from the intentional and/or negligent and/or wrongful acts and/or omissions of employees and agents of the United States Department of Justice and/or employees and agents of the FBI, an agency of the United States pursuant to 28 U.S.C. § 533 and 28 U.S.C. § 2671 et seq., while such

employees and agents were acting within the scope of their office or employment as employees, agents, and/or law enforcement officers of the United States government.

12.     Beginning in 1991 through 1992, the FBI and the DOJ, through its agent Michael Malone, and through other unknown persons and agents, participated in a criminal investigation against Plaintiff and testified at Plaintiff's criminal trial.

## **FACTUAL BACKGROUND**

13.     Bragdon hereby incorporates all of the preceding allegations, as if fully rewritten herein.

14.     At all relevant times Malone acted as an agent and/or employee of the FBI, the DOJ, and the United States of America. Furthermore, Malone acted within the course and/or scope of his employment and under color of law.

15.     During 1991, Bragdon was arrested by the D.C. police and charged with several crimes including, among other things, rape, assault with intent to rape while armed, and possession of a firearm during a crime of violence.

16.     Malone, acting on behalf of the United States of America through the FBI and/or the DOJ, participated in the investigation against Bragdon.

17.     On or about March 10, 1992, Plaintiff Anthony Bragdon was convicted of one count of assault with intent to rape while armed (the lesser-included offense of rape while armed) and one count of possession of a firearm during a crime of violence.  Thereafter, on or about April 30, 1992, Plaintiff Anthony Bragdon was sentenced under the Youth Rehabilitation Act, D.C. Code § 24-803(b), to up to 15 years on each of the two counts. On November 30, 1995, the Court of Appeals affirmed Mr. Bragdon's convictions. Bragdon v. United States, 668 A.2d 403 (D.C. 1995).   The Court of Appeals subsequently found that Plaintiff Anthony Bragdon's sentences were to run consecutively. Bragdon v. United States, 717 A.2d 878, 881 (D.C. 1998).

18.     In or around April 1997, the United States Department of Justice, Office of the Inspector General, issued a Special Report titled, "The FBI Laboratory: An Investigation Into Laboratory Practices and Alleged Misconduct in Explosives-Related and Other Cases." In said report, Malone was identified as an individual who had falsified his analysis work. Subsequently, an independent scientist conducted an analysis of Malone's work in Bragdon's criminal case and prepared a summary report.

19.     On or about August 13, 2001, the Government forwarded the summary report to Bragdon's counsel. Thereafter, in March 2002, after receipt of the subject report(s), Bragdon filed a Petition to Set Aside, Vacate, and/or Correct Conviction and Sentence, or in the Alternative, for a Writ of Coram Nobis.  On March 14, 2003, the Superior Court of the District of Columbia granted Bragdon's Petition to Set Aside, Vacate, and/or Correct Conviction finding that Malone's testimony was either false or not supported by his notes.  The Superior Court of the District of Columbia further found that Malone failed to disclose potential exculpatory facts evidence either to the prosecution or the defense regarding the subject fibers Malone analyzed.

20.     Upon information and belief, the FBI, DOJ, and Malone, concocted and participated in a scheme to wrongfully convict Bragdon of a criminal offense by, *inter alia*, overstating the evidence that actually existed.  Upon information and belief, this scheme and the actions, omissions, and misconduct in furtherance of the scheme, commenced during the investigation phase of Bragdon's criminal case and continued throughout the entire case.

21.     Upon information and belief, the FBI, DOJ, and Malone furthered the scheme by intentionally supplying the prosecution with false and/or unsupported forensic evidence against Bragdon for the crime charged. The prosecution later utilized this false information as key evidence to obtain Bragdon's conviction.

22.     The FBI, the DOJ, and Michael Malone acted unlawfully and intentionally falsified the results of the FBI's investigation and further presented witness testimony relative to FBI laboratory evidence and findings concerning the underlying charges against Anthony Bragdon with the knowledge that Michael Malone's testimony with regard to Mr. Bragdon and the underlying evidence and offense was completely false. Further, the FBI and Michael Malone, and/or other unknown agents of the FBI intentionally withheld exculpatory information from Anthony Bragdon that would have resulted in his release from imprisonment.

23.     At no point did the FBI, DOJ, or Michael Malone and/or other unknown Federal agents have probable cause to believe that Anthony Bragdon had been involved in any way in any rape or assault of Ms. Farmer.

24.     At all times the FBI, DOJ, and Michael Malone had a duty to act within the bounds of law.

25.     The FBI, the DOJ, and Michael Malone breached their duty.

## COUNT ONE
## False Imprisonment

26.     Bragdon hereby incorporates all preceding allegations, as if fully rewritten herein.

27.     As a direct result of the Defendants' actions, Bragdon was physically restrained and detained for a period of several years.

28.     Consequently, Bragdon suffered a loss of liberty without any legal justification.

29.     As a result of Bragdon's unjustified imprisonment, Bragdon is entitled to damages from Defendants in an amount to be more fully proved at trial, but not less than the amount set forth in the Administrative Claim.

## COUNT TWO
## Malicious Prosecution

30.     Bragdon hereby incorporates all preceding allegations, as if fully rewritten herein.

31.     Bragdon's underlying criminal case was ultimately resolved in his favor after several years in prison.

32.     The Defendants lacked probable cause to initiate, participate, and/or support the criminal prosecution of Bragdon.

33.     Defendants' actions directly resulted in Bragdon's deprivation of his Constitutional rights, his liberty, and, as a result, Bragdon suffered injury.

34.     As a result of Bragdon's injury, Bragdon is entitled to damages from Defendants in an amount to be more fully proved at trial, but not less than the amount set forth in the Administrative Claim.

## COUNT THREE
### Intentional and/or Negligent Infliction Of Emotional Distress

35.     Bragdon hereby incorporates all preceding allegations, as if fully rewritten herein.

36.     Defendants' actions were negligent, intentional, and/or reckless.

37.     As a direct result of Defendants' actions, Bragdon suffered severe emotional distress.

38.     As a result of Bragdon's injury, Bragdon is entitled to damages from Defendants in an amount to be more fully proved at trial, but not less than the amount set forth in the Administrative Claim.

## COUNT FOUR
### Defamation

39.     Bragdon hereby incorporates all preceding allegations, as if fully rewritten herein.

40.     During and after Bragdon's criminal investigation, Defendant made statements, in writing and orally that Bragdon was responsible for the crimes Bragdon was charged with. These statements were false

41.    Defendant is responsible for the publication of these false statements, which were negligently and/or intentionally published.

42.    As a result of Defendant's actions, Bragdon was injured and is now entitled to damages from Defendant in an amount to be more fully proved at trial, but not less than the amount set forth in the Administrative Claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Anthony Bragdon hereby demands compensatory and punitive damages from the Defendant, as to each Count of the Complaint for Relief as set forth herein and as to which the Defendants are named, in such amounts as shall be established at trial of this matter, and such other and further relief including, but not limited to the following:

A.    Their costs of suit and attorneys' fees in this action;

B.    Compensatory damages in the amount of Four Million Four Hundred Fifty Thousand Dollars ($4,450,000.00).

C.    Such other and further relief as this Honorable Court deems fair, equitable, and appropriate.


                                        Respectfully submitted,


OF COUNSEL:

BENESCH, FRIEDLANDER,
   COPLAN & ARONOFF LLP          _____
                                        Richard G. Lillie (DC# 427882)
                                        2300 BP Tower
                                        200 Public Square
                                        Cleveland, Ohio 44114-2378
                                        Telephone: (216) 363-4500
                                        Facsimile:  (216) 363-4588
                                        E-Mail:    rlillie@bfca.com