# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY BRAGDON, | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) Civil Action No. 06-0258 (JR) |
| | ) |
| THE UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

## DEFENDANTS' MOTION TO DISMISS

Defendants, through counsel, the United States Attorney for the District of Columbia, respectfully move to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), inasmuch as no subject matter jurisdiction exists in this court over claims asserted and as the Complaint fails to state claim upon which relief may be granted. The grounds for Defendant's motion are more thoroughly explained in the accompanying Memorandum of Points and Authorities.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

_____/s/_____
OLIVER W. MCDANIEL, D.C. Bar #377360
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANTHONY BRAGDON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 06-0258 (JR) |
| | ) |
| THE UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Defendants,[1] through counsel, the United States Attorney for the District of Columbia,
respectfully move to dismiss Plaintiff's Complaint. The facts and law in this matter demonstrate that
dismissal of the Complaint in its entirety and with prejudice against all defendants is appropriate on
a number of grounds.

## I.    BACKGROUND

In 1991, the District of Columbia ("D.C.") police arrested Anthony Bragdon ("Plaintiff").
Compl. at ¶ 15.  On May 22, 1991, Plaintiff was charged by indictment in the District of Columbia
Superior Court with rape, assault with intent to commit rape while armed and possession of a firearm
during a crime of violence. Compl. at ¶ 15 & Attachment A.  Michael P. Malone ("Malone"), then
an employee of the Federal Bureau of Investigation (FBI), worked as an analyst in the FBI's crime
lab and participated in the investigation against Plaintiff.  Compl. at ¶¶ 7, 17.  On March 10, 1992,
Plaintiff was convicted of one count of assault with intent to rape while armed and one count of
possession of a firearm during a crime of violence.  Compl. at ¶ 17.  On April 30, 1992, a Judge of

---

[1]Defendants in this action are the United States of America, U.S. Department of Justice, and the
Federal Bureau of Investigation.

the Superior Court sentenced Plaintiff to up to fifteen (15) years on each of the two counts. Compl. at ¶ 17. The District of Columbia Court of Appeals subsequently affirmed Plaintiff's convictions and found that Plaintiff's sentences for these offenses were to run consecutively. Compl. at ¶ 17 (citing Bragdon v. United States, 668 A.2d 403 (D.C. 1995)).

In April 1997, approximately, the U.S. Department of Justice (DOJ), Office of the Inspector General issued a Special Report ("The FBI Laboratory: An Investigation Into Laboratory Practices and Alleged Misconduct in Explosives-Related and Other Cases") which stated that Malone had falsified his analysis work. Compl. at ¶ 18. Subsequently, an independent scientist analyzed Malone's work in Plaintiff's criminal case and prepared a summary report. Compl. at ¶ 18. On or about August 13, 2001, the Government forwarded this summary report to Plaintiff's counsel. Compl. at ¶ 19.

In March 2002, Bragdon filed a Petition to Set Aside, Vacate, and/or Correct Conviction and Sentence, or in the Alternative, for a Writ of Coram Nobis. Compl. at ¶ 19. On March 14, 2003, the Superior Court of the District of Columbia granted Bragdon's Petition to Set Aside, Vacate, and/or Correct Conviction. Compl. at ¶ 19. The Superior Court found that Malone failed to disclose potential exculpatory evidence either to the prosecution or defense concerning the subject fibers analyzed by Malone. Compl. at ¶ 19.

Plaintiff alleges, without much more specificity, that the FBI, DOJ, and Malone participated in a scheme to convict Plaintiff wrongfully of a criminal offense by, *inter alia*, overstating the evidence that actually existed. Compl. at ¶ 20. This scheme allegedly began in the investigative phase of Plaintiff's case and continued throughout the entire case. Compl. at ¶ 20. Plaintiff alleges that Defendants, Malone, and other unknown FBI agents never had probable cause to believe that

Bragdon had been involved in any way in any rape or assault of the victim.  Compl. at ¶ 23.  The

FBI, DOJ, and Malone allegedly intentionally supplied the prosecution with false and/or unsupported

forensic evidence against Plaintiff for the crime charged.  Compl. at ¶ 21.  The prosecution allegedly

used this false information as key evidence to convict Plaintiff .  Compl. at ¶ 21.  Plaintiff alleges

that the FBI, DOJ, and Malone falsified the results of the FBI's investigation and that the FBI,

Malone, and other unknown FBI agents intentionally withheld exculpatory information from Plaintiff

that would have resulted in his release from imprisonment.  Compl. at ¶ 22.

The Complaint list four (4) counts: (1) false imprisonment, (2) malicious prosecution, (3)

intentional and/or negligent infliction of emotional distress (collectively referred to as infliction of

emotional distress or "IED"), and (4) defamation.  Compl. at ¶¶ 26-42.  Plaintiff seeks compensatory

damages of $4.5 million, punitive damages and attorney's fees and costs.  Compl. at 8.

## II.    STANDARD OF REVIEW

### A.    Dismissal for Lack of Subject Matter Jurisdiction

"A motion under 12(b)(1) 'presents a threshold challenge to the court's jurisdiction.'"

Gardner v. U.S., No. CIV. A. 96-1467EGS, 1999 WL 164412, *2 (D.D.C. Jan. 29, 1999), aff'd, 213

F.3d 735 (D.C. Cir. 2000) and cert. denied, 531 U.S. 1153 (2001), quoting, Haase v. Sessions, 835

F.2d 902, 906 (D.C. Cir.1987).  Specifically, "subject matter jurisdiction deals with the power of the

court to hear [a] plaintiff's claims in the first place, and therefore imposes upon courts an affirmative

obligation to ensure that they are acting within the scope of their jurisdictional power."  4 Wright

& Miller:  Federal Prac. & Proc. § 1350 (R12)(2002 Supplement).

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule

12(b)(1) in two ways.  First, the court may determine the motion based solely on the complaint.

3

Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to

determine the existence of jurisdiction, or lack thereof, a court may look beyond the allegations of

the complaint, consider affidavits and other extrinsic information, and ultimately weigh the

conflicting evidence.  See id.  Courts have found dismissal of claims appropriate for lack of subject

matter jurisdiction on the following grounds - lack of standing, failure to exhaust administrative

remedies, and sovereign immunity.  4 Wright & Miller:  Federal Prac. & Proc. § 1350 (R12)(2002

Supplement).

**B.**    **Dismissal for Failure to State a Claim**

A motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure ("Federal Rules") should be granted if the plaintiff can prove no set of facts in support of

his claim that would entitle him to relief.  Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276

(D.C. Cir. 1994).  Though the plaintiff is given the benefit of all inferences that reasonably can be

derived from the facts alleged in the complaint, the court need not accept inferences that are not

supported by such facts, nor must the court accept plaintiff's legal conclusions cast in the form of

factual allegations. Id.

**III.    ARGUMENT**

**A.**    **This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims.**

**1.**    **Sovereign immunity bars Plaintiff's constitutional claims against the United States, the DOJ and the FBI.**

Sovereign immunity bars all suits against the United States except in accordance with the

explicit terms of a statutory waiver of such immunity.  Hercules v. United States, 516 U.S. 417, 422-

423 (1996); Cox v. Secretary of Labor, 739 F. Supp. 28, 30 (D.D.C. 1990); see also United States

v. Testan, 424 U.S. 392, 399 (1976); United States v. Mitchell, 445 U.S. 535, 538 (1980); Kline v.

Republic of El Salvador, 603 F. Supp. 1313, 1316 (D.D.C. 1985); Pullen v. United States,

No.CIV.A. 96-1211 (RCL), 1997 WL 350003, *2 (D.D.C. June 11, 1997).  Because a waiver of

sovereign immunity must be strictly construed in favor of the sovereign, a waiver of sovereign

immunity "is to be read no more broadly than its terms require." Masonry Masters, Inc. v. Nelson,

105 F.3d 708, 712 (D.C.Cir. 1997).  Additionally, "any ambiguities in the statutory text must be

resolved in favor of immunity." United States v. Williams, 514 U.S. 527, 531 (1995).  For example,

to sustain a claim for monetary damages against the United States, the waiver of sovereign immunity

"must extend unambiguously to such monetary claims."  Flatow v. Islamic Republic of Iran, 74

F.Supp.2d 18, 20-21 (D.D.C. 1999), quoting United States v. Nordic Village, Inc., 503 U.S. 30, 34

(1992); see also Bienvenuti v. Dep't of Defense, 587 F.Supp. 348, 351-352 (1984).  In short,

sovereign immunity operates as a jurisdictional bar to suit without an otherwise explicit waiver of

such immunity by the United States.  See Flatow, 74 F.Supp.2d at 21.

Plaintiff brings suit against the United States, the DOJ, and the FBI pursuant to the Federal

Tort Claims Act ("FTCA"). Compl. ¶ 1.  The FTCA operates as a limited waiver of sovereign

immunity allowing, at least for certain claims and under specific circumstances, the United States

to be sued for torts "in the same manner and to the same extent as a private individual under like

circumstances." 28 U.S.C. § 2674; see also Eagle-Picher Industries, Inc. v. U.S., 937 F.2d 625, 627-

628 (D.C. Cir. 1991).

As an initial matter, however, the FTCA does not allow suits to be brought against

government agencies.  See 28 U.S.C. § 2679(a); Cox v. Secretary of Labor, 739 F. Supp. 28, 29

(D.D.C. 1990) (suit against the Secretary of Labor rather than the government itself must be

dismissed for lack of subject matter jurisdiction) (citing numerous cases); Galvin v. OSHA, 860 F.2d 181, 183 (5th Cir. 1988) ("an FTCA claim against a federal agency or employer as opposed to the United States itself must be dismissed for want of jurisdiction"); Stewart v. United States, 655 F.2d 741, 742 (7th Cir. 1981);  Hagmeyer v. Department of Treasury, 647 F. Supp. 1300, 1304-05 (D.D.C. 1986) (dismissing FTCA claim against the Department of Treasury).  Only the United States is subject to suit under this statute.  Therefore, dismissal of Plaintiff's complaint against the DOJ and the FBI is warranted, or, at a minimum, the "United States" should be substituted in name as the defendant for those claims asserted against agencies.

Pertinent here as well, the Constitution does not waive sovereign immunity in a suit for damages.  See Garcia v. United States, 666 F.2d 960, 966 (5th Cir. 1982); Jaffee v. United States, 592 F.2d 712, 715-18 (3d Cir.), cert. denied, 441 U.S. 961 (1979);  FDIC v. Meyer, 510 U.S. 471, 477-78 (1994); Tinsley v. Widener, 150 F.Supp. 2d 7, 12 (D.D.C. 2001).  Plaintiff has brought suit alleging constitutional violations by the FBI.  Compl. at ¶ 22 ("intentionally withheld exculpatory information . . . that would have resulted in [Plaintiff's] release from imprisonment.").  Since the United States has not waived immunity for such suits, the Court does not have subject matter jurisdiction over these claims.  Thus, on this ground as well, Plaintiff's tort claims must be dismissed.

### 2.    Plaintiff's tort claims are "forever barred" under the FTCA's statute of limitations, 28 U.S.C. § 2401(b).

Fatal to all of his claims, Plaintiff failed to file his administrative claim within the two years after the claim actually accrued.  See 28 U.S.C. 2401(b); see also Mittleman v. U.S. Dep't of Treasury, 919 F.Supp. 461, 466 (D.D.C. 1995), aff'd, 997 F. Supp. 1 (D.D.C. 1998).  Federal law

governs the accrual of causes of action under the Federal Tort Claims Act.  Sexton v. United States, 832 F.2d 629, 632 n. 4 (D.C. Cir. 1987).  A claim accrues within the meaning of 28 U.S.C. § 2401(b) when the claimants know both the existence and the cause of their injuries.  See United States v. Kubrick, 444 U.S. 111, 120-21 (1979).  A cause of action accrues when injured parties discover or, in the exercise of due diligence, should have discovered that they have been injured.  Loughlin v. United States, 230 F.Supp. 26, 40 (D.D.C. 2002) (In a suit brought by Plaintiff's under the FTCA concerning toxic chemical contamination of their real property, "[t]he relevant inquiry, then, is at what point these parties were sufficiently aware, or could with diligent inquiry have become aware, of this contamination of their property and its cause."); Sprint Communications Co., L.P. v. F.C.C., 76 F.3d 1221, 1228 (D.C. Cir. 1996) (citing MCI Telecomm. Corp. v. FCC, 59 F.3d 1407 (D.C. Cir. 1995) and Hobson v. Wilson, 737 F.2d 1, 35 n. 107 (D.C. Cir. 1984)).

The FTCA's statute of limitations starts to run (the claim "accrues") by the time a plaintiff "has discovered both his injury and its cause," Sexton, 832 F.2d at 633, (citing Kubrick, 444 U.S. at 120, 100 S.Ct. at 358), even though he is unaware that the harm was "negligently inflicted," Id. (citing Kubrick at 123, 100 S.Ct. at 360).   In justifying its approach the Court in Kubrick noted that Kubrick himself, "armed with the facts about the harm done to him," could "protect himself by seeking advice in the medical and legal community" to determine whether there had been negligence. Id. (citing Kubrick at 123, 100 S.Ct. at 360).  Kubrick  appeared to draw a distinction between the facts about what happened to the plaintiff, on the one hand, and the facts and standards by which those events were to be evaluated, on the other.  Id.

Plaintiff's claims may have accrued over a decade ago but they certainly accrued no later than March 27, 2002.  Most of the alleged harm on which Plaintiff's tort claim rests, as alleged, took

place before or during his March 1992 criminal trial over a decade ago. See Compl. at ¶¶ 12-17.

In August 2001, the Government forwarded the summary report of an independent scientist's

analysis of the FBI Laboratory work done in the Plaintiff's criminal prosecution to Plaintiff's

counsel. Compl. at ¶ 18. While the Complaint does not reveal exactly when Plaintiff's counsel

actually received this report, Plaintiff's counsel clearly received it before March 27, 2002 since

counsel filed a Petition to Set Aside, Vacate, and/or Correct Conviction and Sentence, or in the

Alternative, for a Writ of Coram Nobis on that date. See Compl. at ¶ 19. Thus, Plaintiff's claims

accrued no later than March 27, 2002.

Under § 2401(b), Plaintiff's claims were not timely filed. Under that Section, Plaintiff was

required to file these claims on or before March 27, 2004, two years after its accrual date. The claim

was instead dated March 9, 2005. Compl. Exhibits A & B. In fact, it is arguable that Plaintiff's false

imprisonment claim was filed more than a decade after its accrual date, the arrest date of 1991. See

Liles v. U.S., 638 F.Supp. 963, 967 (D.D.C. 1986) ("Plaintiff was arrested by the Metropolitan

Police officers on August 3, 1982; therefore, his claims for false arrest and false imprisonment

accrued on this date.").

While D.C. Stat. § 12-302(a)(3) allows for the tolling of the statute of limitations during

periods of incarceration, it is inapplicable to claims brought under the FTCA. See Thomas v. U.S.

Parole Commission, 2004 WL 758966, *1 (D.C. Cir. April 7, 2004) (attached). Plaintiff is "forever

barred" from raising the claims alleged in his complaint. Mittleman, 919 F.Supp. at 466; Liles, 638

F.Supp. at 966-967 ("The statute of limitations under section 2401(b) is jurisdictional in nature and

is not subject to equitable considerations such as waiver and estoppel."). FTCA limitations periods

must be strictly construed. See Stokes v. United States Postal Service, 937 F.Supp. 11, 17 n. 17

(D.D.C. 1996) (Plaintiff's claim was time barred even though it was filed only four days after the statute of limitations had run) (citing Childers v. United States, 442 F.2d 1299, 1303 (5th Cir. 1971)).  These limitations can not be extended for equitable tolling.  Id. (internal citations omitted); See also Spannus v. U.S. Department of Justice, 643 F.Supp. 698, 700 (D.D.C. 1986), aff'd, 824 F.2d 52 (D.C. Cir. 1987) (declining to extend the statute of limitations for a FOIA claim under the general statute of limitations for civil actions against the United States under § 2401(a) because all waivers of sovereign immunity require strict compliance with the statute of limitations which courts cannot relax for equitable considerations (internal citations omitted)).  Because Plaintiff has failed to file his administrative claims within the statutory time frame, his FTCA claims are not properly before the Court must be dismissed for lack of jurisdiction.

**B.    The Complaint Fails to State Claims for False Imprisonment, Malicious Prosecution, Negligent/ Intentional Infliction of Emotional Distress, and Defamation.**

**1.    28 U.S.C. § 2680(h) precludes Defendants' claims of False Imprisonment, Malicious Prosecution, and Defamation.**

Plaintiff is statutorily barred from advancing claims of false imprisonment, malicious prosecution and defamation against the Defendants.  Plaintiff's claims are not among those for which the United States has waived sovereign immunity under the FTCA.  Rather, the waiver of sovereign immunity afforded by 28 U.S.C. § 1346(b) does not apply to "[a]ny claim arising out of assault, battery, **false imprisonment**, false arrest, **malicious prosecution**, abuse of process, **libel**, **slander**, misrepresentation, deceit, or interference with contract rights. . ." 28 U.S.C. § 2680(h) (emphasis added); Simpkins v. District of Columbia Government, 108 F.3d 366, 371 (D.C. Cir. 1997) (no waiver of sovereign immunity for claims of libel and slander).

Encompassed within this exception to the FTCA's waiver of sovereign immunity are claims for "defamation." Hosey v. Jacobik, 966 F.Supp. 12, 15 (D.D.C. 1997) (Defamation is "simply a broader term for slander and libel," and accordingly, is a type of claim for which the United States cannot be sued); Scottle v. United States, 608 F. Supp. 1040, 1042 (D.D.C. 1985); Wilcox v. United States, 509 F. Supp. 381, 387 (D.D.C. 1981). Thus, Defendants are immune from Plaintiff's defamation claim.

Plaintiff's claims for false imprisonment and malicious prosecution are not encompassed in the language of 28 U.S.C. § 2680(h) which provides for a waiver of sovereign immunity for malicious prosecution claims regarding "act or omissions of investigative or law enforcement officers of the United States Government." An investigative or law enforcement officer is defined as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h). Plaintiff's claims of false imprisonment and malicious prosecution do not concern the acts of an investigative or law enforcement officer of the United States government, but rather the acts of Michael P. Malone, an analyst who worked in the FBI's crime lab. See Compl. at ¶¶ 7,16, 17. There is no suggestion in the Complaint that Malone or any other person who allegedly harmed Plaintiff was empowered to execute searches, to seize evidence, or to make arrests for violations of Federal law. Indeed, the false imprisonment and malicious prosecution counts, compl. at ¶¶ 26-34, fail to provide any **specific** references to any person's powers, duties, and responsibilities. The Complaint contains only vague references to the FBI, DOJ, and "other unknown agents of the FBI" conspiring and acting with Malone to wrongfully convict Plaintiff of a criminal offense. See Compl. at ¶¶ 20-25.

10

The FTCA provision 28 U.S.C. § 2680(h) bars Plaintiff's claims of defamation, false imprisonment and malicious prosecution.  Therefore, these claims should be dismissed for lack of jurisdiction or failure to state a claim.

>   **2.    28 U.S.C. § 2680(h) also renders Defendant Immune from Plaintiff's IED Claims.**

As previously discussed, Counts One, Two,  and Four of the Complaint (false imprisonment, malicious prosecution and defamation, respectively) are barred under the exception to the waiver of sovereign immunity in 28 U.S.C. § 2680(h).  Although Count Three (IED) is not explicitly listed in the FTCA's statutory exclusion in section 2680(h), the statute provides that another tort claim must be dismissed if it "arises out of" the same factual allegations that support a claim for an excluded tort, such as malicious prosecution.  See Koch v. United States, 209 F. Supp. 2d 89, 94-95 (D.D.C. 2002) (Lamberth, J.), aff'd summarily, No. 02-5222, 2002 WL 312926832 (D.C. Cir. Dec. 31, 2002) (citing Haddon v. United States, 68 F.3d 1420, 1425 (D.C. Cir.1995)).  This Court's decision in Koch is especially illuminating in its analysis of the "arising out of" language in the FTCA:

> Although "intentional infliction of emotional distress" is not enumerated in section 2680(h) of the FTCA as a tort for which sovereign immunity has not been waived, that section does exclude from coverage "any claim ***arising out of***" any of the enumerated torts.  Therefore, any claim "arising out of" a claim of assault is also barred, even if it is not explicitly titled as an "assault."  To determine whether an "arising out of" claim is  excluded by § 2680, the Court must examine the ***actual conduct*** upon which plaintiff Koch bases his claim for intentional infliction of emotional distress.  See Truman v. United States, 26 F.3d 592, 594 (5th Cir.1994); Sheehan v. United States, 896 F.2d 1168 (9th Cir. 1990).  If that alleged conduct constitutes a tort listed in § 2680, then this Court has no jurisdiction to hear the claim of intentional infliction of emotional distress.  "In contrast, if a plaintiff bases a claim on conduct that does not constitute a claim 'arising out of' a tort specified in § 2680(h), then the plaintiff's suit is not barred."  Truman, 26 F.3d at 595.

209 F. Supp. 2d at 94 (emphasis added).

The Court in <u>Koch</u> recognized that courts, such as <u>Truman</u> and <u>Sheehan</u>, have sometimes permitted claims such as IED to proceed under the FTCA, but the Court explained that most decisions were consistent with its holding,  based on the facts in those cases:

> Furthermore, plaintiff Koch's claims are entirely dissimilar to those cases where courts have permitted plaintiffs to proceed with FTCA intentional infliction of emotion[al] distress claims.  <u>See</u> <u>Sabow v. United States</u>, 93 F.3d 1445 (9th Cir.1996) (permitting plaintiff to proceed with intentional infliction of emotional distress founded upon plaintiff's claim of extreme and outrageous conduct which could not be characterized as assault or any other excluded intentional tort); <u>Truman</u>, 26 F.3d at 595 (permitting plaintiff to proceed with intentional infliction of emotional distress claim founded upon plaintiff's claim of sexual harassment);  <u>Sheehan</u>, 896 F.2d at 1173 (same).

<u>Id.</u> at 94-95.

This analysis is consistent with most other courts' treatment of IED as well.  <u>See</u> <u>Raz v. United States</u>, 343 F.3d 945 (8th Cir. 2003) (permitting IED claim where factual allegations of illegal wiretapping and surveillance supported non-exempt tort claim of invasion of privacy); <u>Orsay v. U.S. Dep't of Justice</u>, 289 F.3d 1125, 1136 (9th Cir. 2002) (rejecting IED claim where it arose out of same conduct as assault claim);  <u>O'Ferrell v. United States</u>, 253 F.3d 1257, 1266 (11th Cir. 2001) ("exceptions in the FTCA are not limited to the torts specifically named therein, but rather encompass situations where the 'underlying governmental conduct which constitutes an excepted cause of action is essential to plaintiff's claim.'") (quoting <u>Metz v. United States</u>, 788 F.2d 1528, 1534 (11th Cir. 1986)); <u>Brumfield v. Sanders</u>, 232 F.3d 376 (3rd Cir. 2000) (rejecting unspecified "intentional tort" under state law because same facts supported defamation claim); <u>Canutillo Indep. School Dist. v. Nat'l Union Fire Ins. Co. of Pittsburgh</u>, 99 F.3d 695, 703 (5th Cir. 1996) (applying <u>Truman</u> and permitting IED where underlying conduct supporting it was committed by someone other than person accused of assault); <u>Harms v. United States</u>, No. 91-2627, 1992 WL 203942, **4-5

(4th Cir. Aug. 24, 1992) (following Metz); Metz, supra, 788 F.2d at 1534-35  (11th Cir. 1986) (rejecting IED claim because it was based on same conduct as false arrest); cf. Mittleman v. United States, 104 F.3d at 416-17 (analyzing overlap of factual support for purposes of determining which statute of limitations to apply); but see Santiago-Ramirez v. Secr'y Dep't of Defense, 984 F.2d 16, 20-21 (1st Cir. 1993) (allowing IED but not analyzing statutory "arising out of" language and noting only a "partial overlap" between IED and false arrest); De Morua v. United States, No. 96-160907, 1997 WL 697382, *4 (9th Cir. Sep. 19, 1997) (noting that IED claim is permitted but dismissing it for failure to allege sufficiently outrageous conduct); Garcia v. United States, No. 95-55292, 1996 WL 64767, *2 (9th Cir. Feb. 12, 1996) (permitting IED claim where based on sexual harassment claims but plaintiff made no claims of assault); Gasho v. United States, 39 F.3 1420, 1434 (9th Cir. 1994) (permitting IED only upon proof that the false arrest was done with intent to inflict emotional distress); Sheehan, supra, 896 F.2d at 1169 (9th Cir. 1990) (declining to follow Metz).

Further support for the rule in Truman, Metz, and Koch comes from the fact that many of the decisions, cited above, that treat IED as within the waiver of sovereign immunity do not adequately analyze the FTCA statutory "arising out of" language or otherwise rely on conclusory reasoning. Moreover, the holding in those cases typically does not turn on the issue of whether the IED claims "aris[es] out of" an expressly excluded tort, but instead the holding turns on other issues.  The rule from Koch has the further advantage that it prevents plaintiffs from simply pleading their way around the substantive limitations on the FTCA's waiver of sovereign immunity--which it appears plaintiff is trying to do here in Count Three.  For these reasons, the analysis in Koch is the more persuasive and logical.

To the extent that one can discern the basis of Plaintiff's IED claims from his vaguely worded allegations (See Section II.B.5, infra) all of plaintiff's claims "aris[e] out of" the same "actual conduct," per <u>Koch</u>, 209 F.Supp.2d at 94, that constitute his malicious prosecution or false imprisonment or defamation claims. Therefore, all of his IED claims should be treated as part of Plaintiff's other three claims, which are clearly barred by the FTCA. Therefore, his entire case should be dismissed for lack of jurisdiction or failure to state a claim.

### 3. The Complaint fails to state claim for malicious prosecution under the law of the District of Columbia.

Even assuming that Plaintiff could bring the claims, a malicious prosecution claim requires: "(1) the initiation or procurement of criminal proceedings; (2) without probable cause; (3) primarily for a purpose other than bringing an offender to justice; and (4) termination of the proceeding in favor of the accused." <u>Davis v. Giles</u>, 769 F.2d 813, 814-815 (D.C. Cir. 1985). If Defendants had probable cause to arrest plaintiff, then he cannot establish an essential element of a malicious prosecution claim. <u>Joyce v. U.S.</u>, 795 F. Supp. 1, 5 (D.D.C. 1992). Under District of Columbia law, probable cause is "such reason supported by facts and circumstances as will warrant a cautious man in the belief that his action and the means taken in prosecuting it are legally just and proper." <u>Liles</u>, 638 F. Supp. at 967, citing <u>Ammerman v. Newman</u>, 384 A.2d 637, 639-640 (D.C. App. 1978). The existence of probable cause depends on the honest belief of the person instituting the proceeding. <u>Id</u>.at 967-968, citing <u>Ammerman</u>, 384 A.2d at 640.

A grand jury indictment is conclusive evidence of probable cause. In <u>Liles</u>, this Court observed the following:

> "An indictment 'fair upon its face', and returned by a 'properly constituted grand jury', **conclusively determines the existence of probable cause** . . . ." <u>Gerstein v.</u>

14

Pugh, 420 U.S. 103, 117 n. 19, 95 S.Ct. 854, 865 n. 19, 43 L.Ed.2d 54 (1974), cited in United States v. Contreras, 776 F.2d 51, 53-54 (2d Cir. 1985). "An indictment is sufficient to try a defendant on counts charged therein, and satisfies the requirements of the fifth amendment," and "it cannot even be challenged on the ground that it is **based on inadequate or incompetent evidence**." United States v. Contreras, 776 F.2d at 54 (citing Lawn v. United States, 355 U.S. 339, 349, 78 S.Ct. 311, 317, 2 L.Ed.2d 321 (1958) and Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 408, 100 L.Ed. 397 (1956)). **(emphasis added)**"

Id. at 968.

The Complaint contains no specifics on the absence of probable cause, only bald assertions. Compl. at ¶ 23 ("At no point did the FBI, DOJ, or Michael Malone and/or unknown Federal agents have probable cause to believe that Anthony Bragdon had been involved in any way in any rape or assault of Mrs. Farmer."); Compl. ¶ 33 ("Defendants' actions directly resulted in Bragdon's deprivation of his Constitutional rights, his liberty, and as a result, Bragdon suffered injury."). This pleading arguably violates Federal Rule of Civil Procedure 8(a)(2), which provides that original claims shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Such short and plain statement should give the defendant fair notice of what the plaintiff's claim is and **the grounds upon which it rests**. Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957). Plaintiff's allegations do not give fair notice to the defendant as to the grounds for its assertion that defendant's actions lacked probable cause.

Probable cause does, in fact, exist in the instant case. On May 22, 1991, Plaintiff was indicted by a grand jury in the District of Columbia Superior Court on charges of rape, assault with intent to rape while armed, and possession of a firearm during a crime of violence. Compl. at 15; Compl. Attachment A. "A jury of plaintiff's peers determined that probable cause existed and

15

subsequently, an indictment was entered against him.  A federal court cannot now second-guess that determination."  Liles, 638 F.Supp.at 968.

The grand jury indictment against the Plaintiff is conclusive proof of the existence of probable cause in Plaintiff's criminal prosecution.  Plaintiff fails to state a claim for malicious prosecution because he cannot establish the essential element of lack of probable cause.

> **4.    The Complaint fails to state a claim for false imprisonment under the law of District of Columbia.**

Again assuming that Plaintiff could bring the claim, under the law of the District of Columbia, "the torts of false arrest and false imprisonment are indistinguishable." Joyce, 795 F. Supp.at 4 (citing Shaw v. May Dept. Stores, Co., 268 A.2d 607 (D.C. App. 1970).  The required elements of a cause of action for false imprisonment are: (1) detention or restraint of Plaintiff against his or her will and (2) **unlawful** restraint or detention Id. (citing Koroma v. United States, 628 F. Supp. 949, 952 (D.D.C. 1986); 35 C.J.S. False Imprisonment § 5 (1960)) **(emphasis added)**.  A showing of probable cause can defeat the "unlawfulness" element.  See Wilcox, 509 F.Supp. at 384 ("Justification for arrest and imprisonment can be established by showing there was probable cause for arrest of plaintiff on the grounds charged.")

As discussed in Section II B.3 above, the grand jury indictment of Plaintiff shows probable cause for the arrest of Plaintiff on the grounds charged.  Thus, this conclusive proof of probable cause makes it impossible for Plaintiff to establish the essential element of **unlawful** restraint or detention.  Therefore, Count One (false imprisonment), Compl. at ¶¶ 26-29, fails to state a claim upon which relief should be granted.

16

5.    **The Complaint fails to state claims for intentional and negligent infliction of emotional distress under the law of District of Columbia.**

a.    **Intentional Infliction of Emotional Distress**

Assuming jurisdiction, the Complaint fails to state a claim for intentional infliction of emotional distress.  To prevail on a claim of intentional infliction of emotional distress, plaintiff must prove three elements: (1) defendant acted in an extreme and outrageous manner (2) which was intentionally or recklessly calculated (3) to cause plaintiff severe emotional distress. Joyce, 795 F. Supp.at 5 (citing Green v. American Broadcasting Companies, Inc., 647 F.Supp. 1359, 1362 (D.D.C. 1986)).

Plaintiff cannot show that the Defendants' conduct was " extreme and outrageous."  To establish the required degree of "outrageousness," Plaintiff must allege conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Bernstein v. Fernandez, 649 A.2d 1064, 1075 (D.C. 1991) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)); see also Homan v. Goyal, 711 A.2d 812, 818 (D.C. 1998).  "A case of intentional infliction of emotional distress is made out only if the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim "Outrageous!" Homan, 711 A.2d at 818 (quoting Restatement (Second) of Torts § 46 (1965)).  "Every violation of District of Columbia public policy does not constitute "extreme and outrageous conduct". Hoffman v. Hill and Knowlton, Inc., 777 F.Supp. 1003, 1005 (D.D.C. 1991) (citing Karp v. Roach, 1990 WL 302782 1990 U.S. Dist. LEXIS 17618, at *13-14 (D.D.C. Dec. 24, 1990)).

17

Reading the Complaint in the most favorable light to Plaintiff, it does not allege sufficiently outrageous conduct. As discussed in II. B.3 and II. B.4, supra, there was probable cause to indict Plaintiff. See Grabou v. May Dep't Stores, Inc., 462 A.2d 1102, 1103-05 (D.C. 1983) (rejecting claim for intentional infliction of emotional distress where store security guard's arrest of a customer was based on probable cause and customer did not allege excessive force. Jury had acquitted the customer on a charge of petit larceny.). See also, Jackson v. District of Columbia, 412 A.2d 948, 957 (D.C. 1980) ("The fact that an officer held a gun, even at close range, during an arrest on **probable cause** for a felony charge is not in itself so far out of bounds that it can give rise to an emotional distress claim." **(emphasis added)**). It would be difficult to characterize the Defendants actions as "outrageous" ("utterly intolerable in a civilized society") when a grand jury, composed of Plaintiff's peers ("average members of the community"), returned an indictment against the Plaintiff for crimes charged. See Compl. 15 & Attachment A.

The Complaint fails to set forth a proper claim of "severe emotional distress" under D.C. tort law. Neither Count 3, Compl. at ¶¶ 35-38, nor the Complaint as a whole give any details as to the character or nature of the severity of this emotional distress. Count 3 contains only the bald assertion that Plaintiff "suffered severe emotional distress." If all of the allegations in this Complaint are true, some emotional distress would be expected, but this falls far short being "severe."

The allegations of the Complaint cannot support the essential elements of an intentional infliction of emotional distress claim. The presence of probable cause, as evidenced by a grand jury indictment, precludes a finding of Defendants' outrageous conduct. The alleged facts are not sufficient to show that Plaintiff suffered **_severe_** emotional distress. Thus, Plaintiff's claim for intentional infliction of emotional distress should be dismissed for failure to state a claim.

18

### b.    Negligent Infliction of Emotional Distress

Plaintiff claims will not support the elements necessary to recover for negligent infliction of emotional distress.  A plaintiff can recover damages for negligent infliction of emotional distress only if: (1)  the plaintiff was in the zone of physical danger and (2) the defendant's negligence caused Plaintiff to fear for his or her own safety.  Brown v. Argenbright SEC, Inc., 782 A.2d 752, 759 n.9 (D.C. 2001) (citing Williams v. Baker, 572 A.2d 1062, 1067 (D.C. 1990)(en banc)).   Further, plaintiffs may only recover for mental and emotional distress in a negligent infliction case if claimant's injuries are "serious" and "verifiable." Id., 782 A.2d at 761  (citing Bahura v. S.E.W. Investors, 754 A.2d 928, 937 (D.C. 2000)).  See also, Williams, 572 A.2d at 1068 ("[W]e share the view of the New York Court of Appeals that in furtherance of the policy of excluding recovery for trifling distress, the claimed distress must be "serious" and "verifiable". (citation omitted)).

The Complaint  fails to plead all the requirements for a negligent infliction of emotional distress claim.  It contains no allegation of physical danger and no information in the Complaint would allow us to reasonably infer the presence of such danger or its zone.  Moreover, there is no indication that Plaintiff suffered any physical or mental distress that was serious and verifiable. Plaintiff's imprisonment would not be sufficient physical harm.  See Garber, 578 F.2d at 414, 415-416 (D.C. Cir. 1978) (Two prisoners took lawyers (Plaintiffs) as hostages and held them in a cellblock for three days.  The Plaintiffs asserted a claim for negligent infliction of emotional distress. The Court ruled that this incident alone did not show any "physical impact" on Plaintiffs).

Accordingly, Plaintiff's claims for both types of  IED (intentional and negligent) should be dismissed for failure to state a claim upon which relief may be granted.

19

## V.    __CONCLUSION__

WHEREFORE, Defendants respectfully submit that Defendant's Motion to Dismiss should be granted and that the Complaint should be dismissed with prejudice.

Respectfully submitted,


_____/s/_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739


**Of Counsel:**
John Benson,
Assistant General Counsel,
Federal Bureau of Investigation

20

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that service of the foregoing Defendants' Motion to Dismiss and

Memorandum of Points and Authorities in support thereof has been made by the U.S. District Court

Electronic Filing System or, if this means fails, then by mailing copies thereof to:

**Richard G. Lillie**
**2300 BP Tower**
**200 Public Square**
**Cleveland, Ohio 44114-2378**


on this 21st day of April, 2006.




_____/s/_____
OLIVER W. MCDANIEL, DC Bar #377360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 616-0739