IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY BRAGDON, | ) CASE NO. 06-0258 (JR) |
| Plaintiff, | ) JUDGE JAMES ROBERTSON |
| vs. | ) |
| THE UNITED STATES OF AMERICA, | ) **FIRST AMENDED COMPLAINT** |
| Defendant. | ) |

For his First Amended Complaint ("Complaint") against the Defendant, United States of America (hereinafter "Defendant" or "United States"), Plaintiff, Anthony Bragdon (hereinafter "Plaintiff" or "Bragdon"), hereby states and alleges the following:

**JURISDICTION AND VENUE**

1. Venue is proper here because a substantial part of the acts, events, or omissions giving rise to Plaintiff's claims occurred within this judicial district.

2. Plaintiff seeks recovery of damages under the Federal Tort Claims Act ("FTCA") for tortious actions of the United States and/or its employees acting within the scope of their employment. Therefore, this Court possesses jurisdiction of this matter *inter alia* pursuant to 28 U.S.C. § 2671 *et seq*. in addition to 28 U.S.C. § 1346.

3. Jurisdiction is also appropriate pursuant to 28 U.S.C. § 1331 and/or 28 U.S.C. § 1332.

4. On or about March 9, 2005, Plaintiff, through his counsel, presented Administrative Claims for relief pursuant to the FTCA 128 U.S.C. § 2401, and 28 C.F.R. § 14.1, *et seq*. ("Administrative Claim") to the Federal Bureau of Investigation ("FBI") and the

Department of Justice ("DOJ"). True and accurate copies of the Administrative Claim are attached hereto as **EXHIBITS A** and **B** respectively and are incorporated herein by reference.

5. On or about August 17, 2005, the FBI and/or the DOJ responded to the Administrative Claim with a denial of Plaintiff's Administrative Claim (the "Claim Denial"). A true and accurate copy of the Claim Denial is attached hereto as **EXHIBIT C** and is incorporated herein by reference.

6. Plaintiff properly commenced this action after satisfying all prerequisites under the FTCA.

## FACTUAL BACKGROUND

7. At all relevant times described herein, Michael P. Malone ("Malone") was an employee of the FBI. More specifically, Malone was employed as a Special Agent of the FBI, a constituent agency of the DOJ. The FBI and the DOJ are both agencies of the United States, and, consequently, Malone was an employee of the Defendant during the relevant times described herein.

8. At all relevant times described herein, Malone acted within the scope of his employment with the United States.

9. At all relevant times described herein, Malone acted as an "investigative or law enforcement officer" within the meaning of 28 U.S.C. § 2680(h).

10. During 1991, Plaintiff was arrested by police in the District of Columbia and charged with several criminal offenses, including, among other things, rape, assault with intent to rape while armed, and possession of a firearm during a crime of violence. ("Criminal Allegations")

11. Beginning in or around 1992, the FBI and the DOJ, through Malone and through other unknown persons, agents and employees, participated in the criminal investigation against

Plaintiff into these alleged crimes.  Malone also conducted lab analysis of evidence and testified at Plaintiff's criminal trial.

12. Based primarily on the evidence supplied by Malone, Plaintiff was convicted of assault with intent to rape while armed, the lesser included offense of rape while armed and one count of possession of a firearm during a crime of violence on or about March 10, 1992.

13. Plaintiff was then sentenced under the Youth Rehabilitation Act, D.C. Code § 24-803(b), for, up to, fifteen years on each of the two counts.

14. Plaintiff was thereafter incarcerated for a period of approximately eleven years.

15. In or around April of 1997, the United States Department of Justice, Office of the Inspector General issued a special report titled "The FBI Laboratory:  An Investigation into Laboratory Practices and Alleged Misconduct in Explosives Related and Other Cases" regarding the practices of the FBI crime lab, where Malone worked.  The report identified Malone as, at least, one of the agents in the lab that had falsified his analysis work.

16. An independent scientist subsequently conducted additional analysis of Malone's work in Plaintiff's criminal case and prepared a summary report.

17. Thereafter, Plaintiff's counsel filed a Petition to Set Aside, Vacate, and/or Correct Conviction and Sentence, or in the Alternative, for a Writ of Coram Nobis.  Said Petition was granted on March 14, 2003, with the Superior Court of the District of Columbia finding that the testimony of Mr. Malone was either false or not supported by his notes.  The Court further found that Mr. Malone did not disclose potential exculpatory facts regarding the subject fiber evidence either to the prosecution or the defense.

## COUNT ONE
### (Negligence)

18. Plaintiff hereby incorporates all preceding allegations, as if fully rewritten herein.

19.  Malone and/or the United States possessed a duty of care in participating in the investigation into Plaintiff's alleged criminal activities.

20.  Malone and/or the United States breached the duty of care owed to Plaintiff.

21.  As a direct consequence of Malone's and/or the United States' breach of the duty of care, Plaintiff suffered a compensable injury and is entitled to damages in an amount to be more fully proved at trial.

## COUNT TWO
### (Negligent Hiring/ Negligent Training/ Negligent Supervision)

22.  Plaintiff hereby incorporates all preceding allegations, as if fully rewritten herein.

23.  The United States possessed a duty to properly interview, hire, train, and supervise its FBI and DOJ personnel and a further duty to control, oversee, and/or review the conduct and actions of such personnel.

24.  The United States breached its duties.

25.  As a result of the United State's breaches of duty, Plaintiff suffered a compensable injury and is entitled to damages in an amount to be more fully proved at trial.

## COUNT THREE
### (False Imprisonment)

26.  Plaintiff hereby incorporates all preceding allegations, as if fully rewritten herein.

27.  As a direct result of the actions of Malone and/or the United States, Plaintiff was physically restrained against his will and was wrongfully detained for a period of several years.

28.  Consequently, Plaintiff suffered a loss of liberty without any legal justification or probable cause.

29.  As a result of Plaintiff's unjustified imprisonment, Plaintiff is entitled to damages from the United States in an amount to be more fully proved at trial.

## COUNT FOUR
### (Malicious Prosecution)

30. Plaintiff hereby incorporates all preceding allegations, as if fully rewritten herein.

31. Plaintiff's underlying criminal case was ultimately resolved in his favor after several years in prison.

32. The United States lacked probable cause to initiate, participate, and/or support Plaintiff's criminal prosecution.

33. The actions of the United States directly resulted in Plaintiff's deprivation of his Constitutional rights, his liberty, and, as a result, Plaintiff suffered a compensable injury.

34. As a result of Plaintiff's injury, Plaintiff is entitled to damages from the United States in an amount to be more fully proved at trial.

## COUNT FIVE
### (Intentional and/or Negligent Infliction Of Emotional Distress)

35. Plaintiff hereby incorporates all preceding allegations, as if fully rewritten herein.

36. Malone's and/or the United State's actions were negligent, intentional, and/or reckless.

37. As a direct result of these actions, Plaintiff was incarcerated, suffered a compensable injury and severe emotional distress.

38. As a result, Plaintiff is entitled to damages from the United States in an amount to be more fully proved at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Anthony Bragdon hereby demands compensatory and punitive damages from the Defendant, as to each Count of his First Amended Complaint and for other Relief as set forth herein, in such amounts as shall be established at trial of this matter, and such other and further relief including, but not limited to the following:

    A.    His costs of suit and attorneys' fees in this action;

    B.    Compensatory damages in the amount of Four Million Four Hundred Fifty Thousand Dollars ($4,450,000.00).

    C.    Such other and further relief as this Honorable Court deems fair, equitable, and appropriate.

Respectfully submitted,

OF COUNSEL:

BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP

_____
Richard G. Lillie (DC# 427882)
2300 BP Tower
200 Public Square
Cleveland, Ohio 44114-2378
Telephone: (216) 363-4500
Facsimile: (216) 363-4588
E-Mail:    rlillie@bfca.com

**CERTIFICATE OF SERVICE**

The foregoing, First Amended Complaint, was filed electronically on May 23, 2006. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system, or, if this means fails, then by first class mail, postage prepaid, addressed to:

>Kenneth L. Wainstein
>United States Attorney
>Office of the United States Attorney
>Civil Division
>555 4th Street, N.W.
>Washington, D.C. 20530

>Rudolph Contreras
>Assistant United States Attorney
>Office of the United States Attorney
>Civil Division
>555 4th Street, N.W.
>Washington, D.C. 20530

>Oliver W. McDaniel
>Assistant United States Attorney
>Office of the United States Attorney
>Civil Division
>555 4th Street, N.W.
>Washington, D.C. 20530

>/s/ Richard Lillie
>Richard Lillie

Doc 1368235   Ver 1