**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANTHONY BRAGDON, | ) CASE NO. 06-0258 (JR) |
| Plaintiff, | ) JUDGE JAMES ROBERTSON |
| vs. | ) |
| THE UNITED STATES OF AMERICA, | ) **PLAINTIFF'S MEMORANDUM IN** |
| | ) **OPPOSITION TO DEFENDANT'S** |
| Defendant. | ) **MOTION TO DISMISS** |

## I.   INTRODUCTION

In 1992, Plaintiff, Anthony Bragon ("Bragdon") was convicted of several crimes based primarily upon evidence supplied by the herein Defendant, United States of America ("United States") through one of its agents from the Federal Bureau of Investigation ("FBI").  It is indisputable that the evidence supplied by the FBI was inherently flawed and ultimately resulted in Bragdon's unjust and wrongful conviction.   As a result of the actions of employees of the United States and the resulting conviction, Bragdon served many years in prison.

In 1997, several years after Bragdon commenced serving his sentence, the United States issued a special report titled, "The FBI Laboratory: An Investigation into Laboratory Practices and Alleged Misconduct in Explosives-Related and Other Cases" which indicated that several of its agents, including Michael Malone, the agent responsible for the lab analysis in Bragdon's case, had falsified investigative work.  After additional investigation and analysis by an independent scientist, the United States specifically identified Bragdon's case as one containing

investigative errors. In March 2002, after receiving the aforesaid information, Bragdon's attorneys sought to vacate his conviction.

On March 14, 2003, the Superior Court for the District of Columbia issued an Order overturning Bragdon's conviction, confirming, for the first time, that Bragdon had in fact been injured by the United States' actions.

Bragdon seeks to further rectify this wrong by seeking compensation for the injuries he suffered as a direct result of the action of employees of the United States under the Federal Tort Claims act, 28 U.S.C. § 2671 *et seq*. The United States seeks to vitiate Bragdon's right to seek compensation by essentially raising hyper-technical deficiencies to Bragdon's pleading. Notwithstanding the United States' Motion to Dismiss, Bragdon has asserted claims that are correct, timely, properly pleaded, and viable under the laws of the District of Columbia and the United States. Consequently, the United States' motion to dismiss fails, and Bragdon must be permitted to assert and go forward on his FTCA claims.[1]

## II.    LAW AND ARGUMENT

### A.    Bragdon's FTCA Claims Are Timely and Were Filed Within The Statute Of Limitations Period

Under the United States Code the following time period applies to a claim brought pursuant to the FTCA:

> A tort claim against the United States shall be forever barred
> unless it is presented in writing to the appropriate Federal agency
> ***within two years after such claim accrues*** or unless action is
> begun within six months after the date of mailing, by certified or

---

[1] Many of the arguments raised by the United States in its Motion to Dismiss have been mooted by Bragdon's First Amended Complaint (hereinafter the "Complaint"). Therefore, this memorandum responds only to the arguments that were not mooted as identified by this Court in its Order dated May 24, 2006. To the extent that Bragdon does not respond to specific arguments that have not been mooted or that the United States intends to raise after Bragdon's amendment, Bragdon wishes to reserve the right to respond.

>    registered mail, of notice of final denial of the claim by the agency
>    to which it was presented.

28 U.S.C. § 2401(b).

The United States Supreme Court has held that claims for damages, premised upon a wrongful conviction or imprisonment are not "cognizable" until the conviction is actually "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal...,or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994) (prisoner's §1983 claim premised upon unlawful conviction could not be brought until conviction set aside). In Heck, the Court reasoned that permitting such an action would imply the invalidity of the criminal conviction. Id. Thus, Heck prohibits a prisoner from asserting a claim based upon acts that resulted in a conviction until that conviction is set aside in some fashion. Id. Federal Appellate decisions have extended the reasoning in Heck to prohibit claims under the FTCA until the conviction is extinguished. See Parris v. U.S., 45 F.3d 383 (10th Cir. 1995)(affirming summary judgment on FTCA claim where claim brought prior to conviction being set aside); Hinton v. U.S., 91 Fed. Appx. 491 (6th Cir. 2004)(affirming summary judgment on FTCA claim where prisoner's claim brought prior to conviction being set aside). Consequently, a former prisoner's claim cannot accrue under the FTCA until and unless a conviction is *actually vacated.* Bragdon's claim under the FTCA here is timely.

Bragdon's conviction was set aside by the Superior Court for the District of Columbia on March 14, 2003. Prior to that date, the law precluded Bragdon from asserting an FTCA cause of action claiming a wrongful conviction. Therefore, Bragdon possessed two years from the Superior Court's decision—until March 14, 2005 to assert his FTCA claim. The United States concedes that Bragdon (in filing claims dated March 9, 2005) brought his claim within two years

from the date that Bragdon's conviction was vacated. Accordingly, Bragdon's claims are timely filed, and the United States' argument fails, as a matter of law.

### B. None Of Bragdon's Claims Are Prohibited by 28 U.S.C. § 2680(h)

Intentional torts such as "assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights" are generally excluded from the FTCA. 28 U.S.C. § 2680(h). However, intentional torts may be brought against the United States if the actions were committed by "investigative or law enforcement officers." Id. An "investigative or law enforcement officer" is a person who "is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." Id. Without question, FBI agents are "law enforcement officers" that are subject to the claims that would otherwise be excluded by 28 U.S.C. § 2680(h). Nogueras-Cartagena, 172 F. Supp.2d 296, 314 (D. P.R. 2001) (denying motion to dismiss claims against FBI agent because intentional tort claims fell within proviso of 2680(h)'s exception); Accord Raz v. U.S., 343 F.3d 945 (8th Cir. 2003) (reversing decision to dismiss intentional tort claims against U.S. for FBI's actions).

The United States requests dismissal of Bragdon's malicious prosecution, false imprisonment, and emotional distress claims by arguing that 28 U.S.C. § 2680(h) precludes such claims. Clearly, FBI agents are "law enforcement officers" within the meaning of the proviso contained in 28 U.S.C. §2680(h) and Michael Malone was an FBI agent at the time he worked on Bragdon's criminal case. Consequently, the United States has waived its sovereign immunity with respect to these claims, as they relate to Bragdon's case, and Bragdon's claims cannot be dismissed on this basis.

**C.     Bragdon Successfully Pleaded Viable Claims Under D.C. Law**

*1.     Bragdon Clearly Pleaded A Viable Malicious Prosecution Claim*

To establish a claim for malicious prosecution in the District of Columbia, a plaintiff must prove the following elements: that criminal proceedings were initiated, without probable cause, primarily for the purpose other than bringing an offender to justice, and that the criminal action was terminated in favor of the accused. Davis v. Giles, 769 F.2d 813 (D.C. Cir. 1985) (citing Restatement of Torts, 2d, § 653, (1977)).

Where there is a question regarding the existence of probable cause to support a malicious prosecution claim, D.C. courts reserve this decisions for the fact finder. Giles, at 815. While evidence of probable cause thwarts a malicious prosecution claim, trial courts must assume that the allegations are true for the purpose of deciding a motion to dismiss and ***draw all factual inferences in favor of the non-moving party***. Banks v. District of Columbia, ---F.2d---, 2005 WL 1595298 (D.C. Cir. decided July 8, 2005)(citing standard for 12(b)(6) dismissal) . A motion to dismiss should be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45 (1957).[2] Clearly, Bragdon has pleaded a claim here that would entitle him to relief if he possesses evidence to establish the claim.

In the instant case, Bragdon alleges, *inter alia.*, that the FBI agent that participated in the investigation of Bragdon's criminal case, falsified evidence.[3] Bragdon also alleges that there was no probable cause to support the criminal charges against Bragdon, as a result of the falsified

---

[2]  Bragdon extends this reasoning and argument to each of the claims raised in his First Amended Complaint and further notes that his is only required to make a " 'short and plain statement of the claim' that will give the defendant fair notice of what [his] claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957), quoting Fed.R.Civ.P.8(a)(2).

[3] Amended Complaint ¶ 15.

evidence.[4]  Finally, it is indisputable that Bragdon's criminal proceeding was resolved in Bragdon's favor, which has also been specifically pleaded.[5]  Assuming the allegations are true, Bragdon has sufficiently pleaded a viable malicious prosecution claim against the United States, which cannot be dismissed.

### 2.  *Bragdon Clearly Pleaded A Viable False Imprisonment Claim*

Similarly, Bragdon has pleaded a viable claim for false imprisonment under D.C. law.  To establish such a claim, a plaintiff must demonstrate that there was an unlawful restraint against the plaintiff's will.  Koroma v. United States, 628 F. Supp. 949, 952 (D.D.C. 1986) (setting forth elements of false imprisonment claim).  Deprivation of locomotion and freedom to move within the space of his own business premises establishes a prima facie case of false imprisonment.  Weishapl v. Sowers 771 A.2d 1014, 1020 (D.C. 2001)(discussing standard for false imprisonment claim.  False imprisonment claims present mixed questions of law and fact that the court usually reserves for the fact finder.  District of Columbia v. Murphy, 631 A.2d 34, 36 (D.C. App. 1993) (affirming jury verdict in favor of arrestee on false imprisonment claim).

Here, Bragdon has set forth allegations that, if proven, will establish an entitlement to damages under D.C. law for false imprisonment.  Bragdon alleges a wrongful conviction based upon falsified evidence that resulted in incarceration for over a decade.[6]  Bragdon has further alleged that his imprisonment was without legal justification or probable cause.[7] Bragdon's criminal conviction was later vacated by the Superior Court of the District of Columbia.  Thus,

---

[4] Amended Complaint ¶ 32.

[5] Amended Complaint ¶¶ 17, 31

[6] See Amended Complaint, ¶ ¶ 15, 27-29.

[7] Amended Complaint ¶ 28.

under the law of the District of Columbia, Bragdon is entitled to pursue his claim against the United States for false imprisonment.

### 3. *Bragdon Clearly Pleaded Viable Emotional Distress Claims[8]*

#### a. Intentional Infliction of Emotional Distress

To establish a claim for intentional infliction of emotional, a plaintiff must demonstrate extreme and outrageous conduct on the part of the defendant which, intentionally or recklessly, caused the plaintiff severe emotional distress.  Homan v. Goyal, 711 A.2d 812 (D.C. App. 1998) (reversing trial court's decision to enter judgment in favor of defendant after jury found in favor of plaintiff on emotional distress claim).  Questions regarding whether conduct is sufficiently outrageous to support an emotional distress claim should be reserved for the ultimate fact finder. Id. at 818.  Moreover, specific intent to harm is not required, rather "liability extends to situations in which there is no certainty, but merely a high degree of probability, that mental distress will follow and the defendant [proceeds] in conscious disregard of it." Id. at 820 (citing Prosser & Keeton on Torts, § 12, (5th ed. 1984)).  Finally, the plaintiff is not required to provide evidence of physical injury to substantiate an intentional infliction of emotional distress claim. Homan, supra, at 821.

Bragdon's allegations raise more than a question of a "mere annoyance" or a "petty oppression."   In fact, the complaint alleges that the United States caused Bragdon severe emotional distress as a result of the actions of its agent during the investigative phase of Bragdon's criminal case.  Given the conduct alleged, Bragdon's intentional infliction of

---

[8]   Defendant has argued that Bragdon's Emotional Distress Claims are bared as conduct "arising out of" the same factual allegations that support a claim for an *excluded* tort (See, Defendant's Motion to Dismiss pp. 11-14).  However, as noted above and incorporated herein for purposes of this section, the Defendant's arguments are flawed and Bragdon's claims are not prohibited or excluded under 28 U.S.C. § 2680(h).

emotional distress claim is sufficient to withstand the United States' Motion to Dismiss at this stage.

        b.      <u>Negligent Infliction of Emotional Distress</u>

An emotional distress claim premised upon negligence may be established where a plaintiff demonstrates that the plaintiff was within a zone of danger due to the defendant's negligence, which caused the plaintiff to fear for his or her own safety. <u>Harvey v. Strayer College, Inc.</u>, 911 F. Supp. 24, 28 (D. D.C. 1996) (discussing elements of emotional distress claims). Emotional distress inflicted as a result of a defendant's negligence is compensable so long as it is "serious and verifiable." Bragdon has noted his wrongful incarceration and has alleged a compensable injury here, and must be given an opportunity to prove his claims.

Bragdon's negligent infliction of emotional distress claim is sufficiently pleaded. Furthermore, from the allegations set forth in the complaint, it is clear that Bragdon's claim is viable. The actions of the United States resulted in Bragdon's wrongful conviction. These actions placed Bragdon in prison with sick and violent criminals. It is reasonable to assume that Bragdon could establish that he feared for his health and safety while in this zone of danger. Consequently, the United States' argument that Bragdon failed to plead a negligent infliction of emotional distress claim is entirely without merit.

### III.    CONCLUSION

Thus, for the foregoing reasons and authorities cited, Bragdon herein respectfully requests that the Honorable Court deny the Defendant's Motion to Dismiss and permit him to move forward against the United States on his FTCA claim and the allegations set forth against the United States in his First Amended Complaint.

|  |  |
|---|---|
| OF COUNSEL: | Respectfully submitted, |
| BENESCH, FRIEDLANDER,<br> COPLAN & ARONOFF LLP |   /s/  Richard G. Lillie          .<br>Richard G. Lillie (DC# 427882)<br>2300 BP Tower<br>200 Public Square<br>Cleveland, Ohio 44114-2378<br>Telephone: (216) 363-4500<br>Facsimile: (216) 363-4588<br>E-Mail:    rlillie@bfca.com |

## CERTIFICATE OF SERVICE

      The foregoing, Plaintiff's Memorandum In Opposition to Defendant's Motion To Dismiss, was filed electronically on June 8, 2006.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system, or, if this means fails, then by first class mail, postage prepaid, addressed to:

Kenneth L. Wainstein
United States Attorney
Office of the United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530

Rudolph Contreras
Assistant United States Attorney
Office of the United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530

Oliver W. McDaniel
Assistant United States Attorney
Office of the United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530


/s/ Richard G. Lillie
Richard G. Lillie