**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANTHONY BRAGDON, | : |
| | : |
|     Plaintiff, | : |
| | : |
|     v. | :   Civil Action No. 06-0258 (JR) |
| | : |
| UNITED STATES OF AMERICA, *et al.*, | : |
| | : |
|     Defendants. | : |

**MEMORANDUM ORDER**

In this suit under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671-2680, plaintiff Anthony Bragdon claims that the United States, through one of its agents at the Federal Bureau of Investigation (FBI), caused him to be unjustly and wrongfully convicted of crimes, for which he served many years in prison. His amended complaint asserts claims for negligence, negligent hiring/training/supervision, false imprisonment, malicious prosecution, and infliction of emotional distress. Before me is the government's motion to dismiss [#8], which argues, among other things, that the FTCA does not waive the United States' sovereign immunity over plaintiff's claims. For the reasons that follow, that motion will be **granted** in part and **denied** in part.

## BACKGROUND[1]

In 1992, Bragdon was convicted of assault with intent to rape while armed and possession of a firearm during a crime of violence and sentenced to 30 years in prison. The evidence at his trial included a fiber analysis performed under the supervision of Michael P. Malone, an analyst in the FBI crime lab. In April 1997, while Bragdon was in prison, the Office of the Inspector General (OIG), United States Department of Justice, issued a special report, "The FBI Laboratory: An Investigation into Laboratory Practices and Alleged Misconduct in Explosives-Related and Other Cases," which identified Malone as an individual who had falsified work. An independent scientist later investigated Malone's work in Bragdon's case and found several instances of overstatement or error in Malone's final report and trial testimony. On March 14, 2003, the Superior Court of the District of Columbia granted Bragdon's Petition to Set Aside, Vacate and/or Correct Conviction, based on what it termed Malone's false testimony and failure to disclose potential exculpatory evidence.

Plaintiff initiated this lawsuit in February 2006. His original complaint asserted claims against the United States, FBI, and Department of Justice for false imprisonment, malicious

---

[1] For additional background, see my memorandum order in Bragdon v. Malone, 425 F.Supp.2d 1 (D.D.C. 2006)(Civ. No. 05-488).

prosecution, intentional and/or negligent infliction of emotional distress, and defamation.  Defendant moved to dismiss that complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(1), 12(b)(6).  Plaintiff subsequently filed an amended complaint eliminating the FBI and Justice Department as defendants, removing the defamation claim, and adding claims for negligence and negligent hiring/training/supervision.[2]  Although the government twice requested an extension of time to file its reply brief and respond to the amended complaint, and was twice granted such an extension, no reply brief has been filed.  Nor has the government moved to dismiss the two claims added by the amended complaint.

### ANALYSIS

The FTCA acts as a limited waiver of sovereign immunity for tort actions against the United States "in the same manner and to the same extent as a private individual under like circumstances."  28 U.S.C. § 2674.  The government contends, however, that the FTCA does not waive sovereign immunity for plaintiff's false imprisonment, malicious prosecution, and infliction of emotional distress claims.  It relies on 28 U.S.C.

---

[2]Because plaintiff's amended complaint eliminates the FBI and Justice Department as parties, the government's motion to dismiss those defendants is moot.  Because the amended complaint also eliminates plaintiff's defamation claim, the motion to dismiss that claim is likewise moot.

§ 2680(h), which creates an exception from the FTCA for certain intentional torts. That provision states that the FTCA "shall not apply" to:

> Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: Provided, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of [the FTCA] shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

28 U.S.C. § 2680(h). The questions presented by this motion, accordingly, are (1) whether Malone was an "investigative or law enforcement officer" as defined by the Act, and (2) whether plaintiff's claim for infliction of emotional distress "arises" out of the same conduct as the false imprisonment and malicious prosecution claims.

(1) The record, as it relates to Malone's status, consists of plaintiff's unsupported allegation that he "acted" as an investigative or law enforcement officer within the meaning of § 2680(h), Am. Compl. ¶ 9, and defendant's unsupported assertion that Malone was only an analyst, not "empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." Because neither party has taken the trouble to

make a clear record on this point, the question arises: Where does the burden lie?  The answer is that, when the subject is jurisdiction, a challenged factual allegation of a complaint will <u>not</u> be taken as true for purposes of a motion to dismiss.  "When a defendant has filed a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, <u>the plaintiff</u> bears the burden of establishing the factual predicates of jurisdiction by a preponderance of the evidence."  <u>Erby v. U.S.</u>, 424 F.Supp.2d 180, 182 (D.D.C. 2006) (citing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561 (1992))(emphasis added).  Bragdon might have been permitted to take jurisdictional discovery to find support for his assertion that Malone was in fact "empowered by law to execute searches, to seize evidence, or to make arrests," but he has not asked for it.  I find, accordingly, that Bragdon has not sustained his burden; that Malone has not been shown to come within the "exception to the exception" to the FTCA; and that the United States has not waived its sovereign immunity as to the false imprisonment and malicious prosecution claims Bragdon brings here.

      (2) Because plaintiff's emotional distress claim "arises out of" the same conduct as the false imprisonment and malicious prosecution claims, that too is barred.  <u>See, e.g.</u>, <u>Koch v. United States</u>, 209 F. Supp. 2d. 89, 94-95 (D.D.C. 2002) (Lamberth, J.), <u>aff'd summarily</u>, No. 02-5222, 2002 WL 312926832

(D.C. Cir. Dec. 31, 2002)(rejecting claim for intentional infliction of emotional distress that arose out of the same conduct as assault claim).  See also Orsay v. U.S. Dep't of Justice, 289 F. 3d 1125, 1136 (9th Cir. 2002)(same).

\* \* \* \* \*

This court lacks subject matter jurisdiction over plaintiff's false imprisonment, malicious prosecution, and infliction of emotional distress claims.  The government's original motion to dismiss was deemed applicable to plaintiff's amended complaint, but the government has presented no grounds for the dismissal of the claims plaintiff added with his amended complaint – the claims for negligence and negligent hiring/training/supervision.[3]  Accordingly, it is

**ORDERED** that defendant's motion to dismiss is **GRANTED** as to Counts Three, Four, and Five of plaintiff's amended complaint, and **DENIED WITHOUT PREJUDICE** as to Counts One and Two.

If the government has a further motion, that motion should be filed within 30 days of this order.  If no motion is

---

[3] Defendant also argues that plaintiff's claims are time-barred under the FTCA's two-year statute of limitations.  28 U.S.C. § 2401(b).  Although the parties agree that Bragdon initiated this action with the filing of an administrative claim in March 2005, they disagree as to when the statute began to run.  This issue is murky and, because the government has not moved to dismiss plaintiff's negligence and negligent hiring/training/supervision claims, unnecessary to resolve.

filed within 30 days, the clerk is directed to set a status conference.

      **SO ORDERED.**

                            JAMES ROBERTSON
                    United States District Judge