UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANTHONY BRAGDON,** )<br>)<br>     **Plaintiff,** )<br>)<br>          v. )<br>)<br>**THE UNITED STATES OF AMERICA,** )<br>)<br>     **Defendant.** )<br>) | Civil Action No. 06-0258 (JR) |

**DEFENDANT'S SUPPLEMENT MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS**

The Defendant, through counsel, the United States Attorney for the District of Columbia, respectfully submits this reply memorandum in further support of its motion to dismiss, pursuant to the Court's order of February 12, 2007. This supplemental motion addresses the remaining negligence claims of Plaintiff's amended complaint not addressed substantively in the motion to dismiss or the Court's order. Defendant submits that Plaintiff's negligence claims fall outside the statute of limitations period and, accordingly, should be dismissed pursuant to Fed. R. Civ. P. 12 (b) (1) or (6).

**I.   INTRODUCTION**

Plaintiff's opposition to Defendant's Motion to Dismiss ("Pl. Opp.") fails to demonstrate that the court has subject matter jurisdiction over the Plaintiff's claims ( to the extent that the statute of limitations is determinative of a waiver of sovereign immunity by the United States) or that the Plaintiff has set forth actionable claims. Plaintiff's negligence claims are barred by the statute of limitations because the accrual of these claims under the Federal Tort Claims Act ("FTCA") are not linked to the validity of his criminal conviction. Plaintiff's negligence claims accrued when he knew

of the existence and the cause of his injuries. Thus, Plaintiff cannot deny that his negligence claims accrued any later than the date on which he petitioned to have his criminal convictions set aside, that is, March 27, 2002. Consequently, his administrative claim, filed more than two years later, on March 9, 2005, failed to toll the statute of limitations. Plaintiff failed to exhaust his negligence claims, and these negligence claims are subject to the discretionary function exception.

## II.    PROCEDURAL BACKGROUND

By Complaint filed on February 13, 2006, Plaintiff sued the United States, the Federal Bureau of Investigation (FBI) and the U.S. Department of Justice (DOJ) under the Federal Tort Claims Act (FTCA). The Complaint purported to advance causes of action for false imprisonment, malicious prosecution, intentional and/or negligent infliction of emotional distress, and defamation. Defendants filed a motion to dismiss on April 21, 2006. Plaintiff filed a consent motion for an extension of time until June 1, 2006, to file a response to the motion, which was granted. On May 23, 2006, Plaintiff filed his First Amended Complaint against the United States as the lone defendant, which was superceded by a corrected version filed on May 24, 2006. Plaintiff's amended complaint removed the defamation claim and added claims for negligence and negligent hiring, training and supervision.

Plaintiff also filed a response to Defendants' motion to dismiss on May 24, 2006, requesting that the Court consider the motion to dismiss moot due to the filing of the amended complaint. On May 24 and 25, 2006, the Court issued both an order and a notice to counsel, finding that the amended complaint did not moot the motion to dismiss and requiring the filing of an opposition, which Plaintiff filed on June 8, 2006.

On February 12, 2007, the Court filed an order granting in part and denying in part the Defendants' motion to dismiss. Specifically, the Court dismissed Plaintiff's false imprisonment, malicious prosecution and intentional and/or negligent infliction of emotional distress claims. The Court granted Defendant additional time and leave to file a supplemental motion should Defendant choose to move to dismiss Plaintiff's negligence claims that were added to the First Amended Complaint. Defendant sets forth arguments supporting the dismissal of these claims herein.

### III.  ARGUMENT

**A.  Plaintiff's negligence claims are barred by the statute of limitations since the limitations period began when Plaintiff moved to set aside his conviction.**

Sovereign immunity bars all suits against the United States except in accordance with the explicit terms of the statutory waiver of such immunity. Cox v. Secretary of Labor, 739 F. Supp. 29, 30 (D.D.C. 1990); see also, United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Mitchell, 445 U.S. 535, 538 (1980); Kline v. Republic of El Salvador, 603 F. Supp. 1313, 1316 (D.D.C. 1985). Congressional consent to suit in this Court, a waiver of the government's traditional immunity, must be explicit and is strictly construed. Library of Congress v. Shaw, 478 U.S. 310, 318 (1986); United States v. Mitchell, 445 U.S. at 538; Fidelity Construction Co. v. United States, 700 F.2d 1379, 1383 (Fed. Cir.), cert. denied, 464 U.S. 826 (1983). A waiver of sovereign immunity, therefore, cannot be implied, but must be expressed "unequivocally" by Congress. Testan, 424 U.S. at 399, 96 S.Ct. 953-54; United States v. King, 395 U.S. 1, 4 (1969). Thus, absent clear congressional consent to entertain a claim against the United States, the District Court lacks authority to grant relief. Testan, 424 U.S. at 399, 96 S.Ct. 953-54; United States v. Sherwood, 312 U.S. 584, 586 (1941).

It is well-settled that the statute of limitations begins to run on an FTCA claim when the cause of action accrues. See Cronauer v. United States, 394 F.Supp.2d 93, 102 (D.D.C. 2005). The general rule is that the claim usually accrues at the time of the plaintiff's injury. Id., citing United States v. Kubrick, 444 U.S. 111, 120 (1979); Garza v. U.S. Bureau of Prisons, 284 F.3d 930, 934 (8th Cir.2002); Stoleson v. United States, 629 F.2d 1265, 1268 (7th Cir.1980). However, even in a negligence case, in which the cause of plaintiff's harm was not readily apparent, the Supreme Court has ruled that an FTCA claim accrued when plaintiff learned of both the existence and the cause of his injuries, see Kubrick, 444 U.S. at 120-21, "and 'not at a later time . . .' when he knows that his injury was caused by the government's negligence." Cronauer, 394 F.Supp.2d at 102, quoting Kubrick, 444 U.S. at 113.

Minimally, as soon as Plaintiff learned about the falsity of the report and about the obvious fatal defect in the government's criminal case against him, his claim accrued. In his SF-95, submitted both to the FBI and DOJ, Plaintiff states that, in August 2001, he received a Special Report from the DOJ Inspector General, describing generally problems with falsified laboratory reports and specifically problems with a report in Plaintiff's criminal case. See Compl., Exhs. A & B, Attachment A. Further, it is undisputed that Plaintiff petitioned in the Superior Court of the District of Columbia to have his criminal conviction set aside on March 27, 2002. See Compl. at ¶ 19 and Exhibit 1, Pl's 3/27/02 Petition. Plaintiff was clearly aware, at this time, of both the nature and cause of his injury, at the earliest in August 2001 or the latest on March 27, 2002.[1]

---

[1] The March 14, 2003 Order of the Superior Court of the District of Columbia setting aside Plaintiff's conviction, attached as Exhibit 2 hereto, of which this Court may take judicial notice, specifically finds that the government forwarded a copy of the Inspector General's Special Report to Plaintiff on August 13, 2001, and finds that Plaintiff, on March 27, 2002, filed his Petition to Set Aside, Vacate, and/or Correct Conviction and Sentence, or in the Alternative, for a Writ of Coram

Thereafter, Plaintiff had two years to file an administrative complaint. See 28 U.S.C. § 2401(b). Under § 2401(b), Plaintiff had to file these claims on or before March 2004. It is not disputed that Plaintiff instead filed on March 9, 2005, well outside of the statute of limitations period. See Compl. Exhibits A & B. FTCA limitations periods must be strictly construed. See Stokes v. United States Postal Service, 937 F.Supp. 11, 17 n. 17 (D.D.C. 1996) (Plaintiff's claim was time barred even though it was filed only four days after the statute of limitations had run (citing Childers v. United States, 442 F.2d 1299, 1303 (5th Cir. 1971)). Since Plaintiff's administrative claims were untimely, his FTCA claims should be dismissed for lack of subject matter jurisdiction.

While, in connection with his false imprisonment claim, Plaintiff argued that the FTCA's statute of limitations is not triggered for prisoners until their conviction is actually vacated, see Heck v. Humphrey, 512 U.S. 477, 487 (1994), Plaintiff has no such argument as to his negligence claims since they are not linked directly to his conviction and sentence. Plaintiff's claims focus on the FBI's alleged negligent hiring, training, supervision and investigation of Agent Malone. The nature and cause of these alleged harms were set forth in the Inspector General's report and the summary report received by Plaintiff in August 2001. Cf. Wallace v. Kato, ___ U.S. ___, 127 S.Ct. 1091, 1097-98 (2007) (statute of limitations commences to run when wrongful act or omission results in damages even though the full extent of the injury is not then known or predictable; rule unaffected by Heck v. Humphrey); Lederman v. United States, 131 F.Supp.2d 46, 61-62 (D.D.C. 2001) (cause of action for malicious prosecution and related charges did not accrue until criminal proceeding terminated in plaintiff's favor); Tinkoff v. United States, 211 F.2d 890, 891-92 (7th Cir. 1954) (claim of wrongful conviction based on perjured testimony accrued at the time of conviction).

---

Nobis. Exh. 2, Super. Ct. Order at 5.

**B.      Plaintiff failed to exhaust his negligence claims, subjecting them to dismissal.**

It is well-established that the FTCA's administrative exhaustion requirement demands that the claimant first present the claim to the appropriate federal agency before filing suit in federal court against the United States. Warrum v. United States, 427 F.3d 1048, 1050 (7th Cir. 2005); accord, GAF Corp. v. United States, 818 F.2d 901, 917-920 (D.C. Cir. 1987) (full explication of presentment requirement).  A prerequisite for liability under the FTCA is a "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).  Unlike a suit against a private person, however, Congress has created an administrative procedure, embodied in 28 U.S.C. § 2675, that claimants must exhaust prior to bringing an FTCA action.

As explained, § 2675(a) bars a claimant from instituting an action upon a tort claim against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency."  Failure to comply with this jurisdictional requirement mandates dismissal of the claim. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.  Because petitioner failed to heed that clear statutory command, the District court properly dismissed his suit"). See also Industrial Constructors Corp. v. United States Bur. of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994) ("[B]ringing an administrative claim is a jurisdictional prerequisite to suit, imposed by Congress, which the courts have no power to waive").  This is true whether or not substantial litigation has taken place.  See McNeil, 508 U.S. at 111-12.

The purpose of the presentation requirement is "to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." GAF Corp., 818 F.2d at 917 (citation and internal quotation marks omitted). See also McNeil, 508 U.S. at 112 n.7 (quoting S. Rep. No. 89-1327, at 3 (1966), reprinted in 1966 U.S.C.C.A.N. 2515, 2517). Thus, a claim for damages under the FTCA is presented to the appropriate federal agency by the filing of "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." GAF Corp., 818 F.2d at 919 (internal quotation marks and citation omitted). Adding new claims after the submission of an administrative claim deprives the United States of its ability to investigate claims properly or to settle claims appropriately. Therefore, an administrative claim that does not fairly place the federal agency on notice that certain facts require investigation cannot be said to be properly "presented" to the federal agency and must be dismissed for failure to exhaust administrative remedies. Industrial Constructors, 15 F.3d at 968 (dismissing claims of prima facie tort, intentional infliction of emotional distress and negligent design and engineering because administrative claim listed only contract claims, and so was inadequate to fulfill the FTCA notice requirements with regard to other types of claims). See also Deloria v. VA, 927 F.2d 1009 (7th Cir. 1991) (dismissing medical malpractice and negligent supervision claims because the facts regarding these claims were presented for the first time in the complaint).

In a case analogous to this one, the First Circuit held that an administrative claim failed to put the government on notice of a false arrest claim based on a particular incident that was "[n]otably" missing from the administrative claim. Dynamic Image Techs. v. United States, 221 F.3d 34, 36, 40 (1st Cir. 2000). The plaintiff had been forcibly removed from a United States Postal

Service trade show following a dispute with a Postal Service representative who had made misstatements made about the plaintiff's company. The plaintiff filed an administrative claim with the Postal Service alleging negligent misrepresentation, libel, slander, and interference with contractual relations, but made no mention of the false arrest or the incident that spawned it. The court of appeals stated that the complaint, "in substance, seeks recovery based on an incident that was not mentioned in the plaintiffs' administrative claim," and affirmed the district court's dismissal of the complaint. Id. at 40.

> Here, Plaintiff stated the following in his SF-95:
>
> Based upon the false and wrongful testimony, actions, and inactions of the Federal Bureau of Investigations and the United States Department of Justice, Claimant suffered an abuse of process, malicious prosecution, and was caused to be falsely accused, wrongfully arrested and falsely imprisoned for several years. Claimant was further caused to suffer injury and harm due to the intentional and/or negligent infliction of emotional distress.

Compl., Exhs. A & B. While Plaintiff here mentions his original claims that have now been dismissed, he fails to mention the negligent investigation, hiring, training and supervision claims that he has added to his amended complaint. Plaintiff's generic reference to "actions" and "inactions" are insufficient to place the FBI on notice as to the nature of these claims, especially considering the requirement that he describe the nature of the injury with sufficient particularity to permit the FBI to initiate its own investigation. These references are especially lacking when considering that it was a DOJ investigation that produced the report used by Plaintiff to set aside his conviction.

Attachment A to the claim, provided as a substitute to placing the basis for the claim in Block 8 of the Standard Form 95, gives a page long description of plaintiff's basis for making the claim against the United States. The Attachment makes it clear that the claim is based on what is alleged to be the "false testimony that the fibers found on the complaining witness' clothes matched

8

the carpet in Claimant's apartment." Compl., Exhs. A & B, Attachment A. The attachment goes on to explain how the testimony was false. No where in the attachment is there an indication that the claim is based on a negligent performance of any government employee's work. Instead, the allegation is that the testimony was falsified. There is nothing in Attachment A, which is supposed to be the Plaintiff's entire basis for his claim, that negligence was involved, much less negligent investigation, hiring, training or supervising. The claim give the government fair notice of Plaintiff's negligence allegations.

Unless a plaintiff has "first presented her claims to the proper federal agency and that agency finally denied them, the district court would not have jurisdiction over plaintiff's FTCA claims." Kendall v. Watkins, 998 F.2d 848, 852 (10th Cir. 1993). See also Industrial Constructors, 15 F.3d at 968 (a claim that is "inadequate to fulfill the FTCA [administrative] notice requirements" does not meet the FTCA exhaustion requirements).

### C. The investigation, training, hiring and supervision that are the focus of Plaintiff's negligence claims are discretionary functions beyond the reach of the FTCA.

Substantial case authority clearly establishes that Plaintiff's negligent investigation, training, hiring and supervision claims are barred by the FTCA's exclusion of discretionary functions. As stated by the Court in Sloan v. U.S. Dept. of Housing and Urban Development, 236 F.3d 756 (D.C. Cir. 2001),

> The grant of jurisdiction and waiver of immunity [under the FTCA] are subject to a number of express exceptions. See 28 U.S.C. § 2680. The exception at issue here, the discretionary function exception, is for 'any claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.' 28 U.S.C. § 2680(a). If the discretionary function exception applies, **the district court lacks subject matter jurisdiction over the case**.

Id. at 759 (emphasis added), citing Cope v. Scott, 45 F.3d 445, 448 (D.C.Cir.1995). The Court in Sloan goes on to explain the two-part test set forth by the Court in United States v. Gaubert, 499 U.S. 315 (1991). "First, the exception 'covers only acts that are discretionary in nature, acts that "involv[e] an element of judgment or choice." ' " Id., quoting Gaubert, 499 U.S. at 322. Secondly, even if judgment or choice is involved, it must be the kind that the discretionary function exception was designed to shield. Id. at 760, citing Gaubert, 499 U.S. at 322-23.

> Because the exception was designed to ' "prevent judicial 'second guessing' of legislative and administrative decisions grounded in social, economic and political policy through the medium of an action in tort," ' the Court concluded that 'the exception "protects only governmental actions and decisions based on considerations of public policy." '

Id., quoting and citing Gaubert, 499 U.S. at 323 (quoting Berkovitz v. United States, 486 U.S. 531, 537 (1988)). Accord Loughlin v. United States, 286 F.Supp.2d 1, 8-9 (D.D.C. 2003).

Federal case authority establishes that the general allegations of negligent investigation, hiring, training and supervision advanced by Plaintiff in the First Amended Complaint should be barred by the discretionary function exception. Laughlin addresses claims of negligent investigation of the disposal of World I and World II munitions. Id. at *passim* to 29. In Sloan, the Court considers the decision whether to investigate as analogous to the exercise of prosecutorial discretion and upholds the exception. Sloan, 236 F.3d at 761-62 (investigation related to HUD debarment decision). See also Gustave-Schmidt v. Chao, 226 F.Supp.2d 191, 198-199 (D.D.C. 2002) (discretionary function exception upheld in the context of administrative investigation of forged letter).

Concerning training, the law is equally clear. In Martin v. Malhoyt, 830 F.2d 237 (D.C. Cir. 1987), the Circuit upheld the district court's dismissal on immunity grounds of a claim of negligent training. The Court concluded that what to cover in training "is a 'discretionary' act, indeed, it

involves 'the essence of policy formulation.' " Id. at 245. See also Kelly v. United States, 241 F.3d 755, 760-64 (9th Cir. 2001) (Circuit Court overturned district court decision denying discretionary function protection to U.S. Forest Service decision not to require training for certain contract pilots; additional case authority cited.).

Concerning hiring and supervision, the words of the Court in Daisiley v. Riggs Bank, 372 F.Supp.2d 61(D.D.C. 2005), explain best the application of the discretionary function exception as follows.

> In this circuit, federal government hiring and employee supervision decisions are generally held to 'involv[e] the exercise of political, social, or economic judgment,' and therefore, to fall within the scope of the United States' sovereign immunity. [Burkhart v. Wash. Metro. Area Transit Auth., 112 F.3d 1207, 1217 (D.C.Cir.1997)]; see also Tonelli v. United States, 60 F.3d 492, 496 (8th Cir.1995) (dismissing a negligent hiring claim because "[p]ermitting FTCA claims involving negligent hiring would require this court to engage in the type of judicial second-guessing that Congress intended to avoid"); Kirchmann v. United States, 8 F.3d 1273, 1277 (8th Cir.1993) (supervision of government contractors discretionary); K.W. Thompson Tool Co. v. United States, 836 F.2d 721, 728 (1st Cir.1988) (training and supervision of federal agency personnel a permissible exercise of policy judgments).  Hiring decisions by the federal government require considering a variety of factors such as 'budgetary constraints, public perception, economic conditions, "individual backgrounds, office diversity, experience and employer intuition." ' Burkhart, 112 F.3d at 1217 (quoting Tonelli, 60 F.3d at 496). Similarly, supervision decisions require a 'complex balancing of budgetary considerations, employee privacy rights, and the need to ensure public safety.' Id.

Id. at 82. Defendant submits that the negligence claims advanced by Plaintiff in this case are little different and subject to the same analysis. Accordingly, for the foregoing reasons, they fail to trigger the sovereign immunity waiver afforded by the FTCA and should be dismissed given this Court's lack of subject matter jurisdiction over them.

## IV.  CONCLUSION

WHEREFORE, Defendants respectfully submit that Defendant's Motion to Dismiss should be granted and the Complaint should be dismissed with prejudice.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

March 28, 2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Defendant's Supplemental Memorandum in Support of Its Motion to Dismiss has been made by the U.S. District Court Electronic Filing System or, if this means fails, then by mailing copies thereof to:

**Richard G. Lillie**
**2300 BP Tower**
**200 Public Square**
**Cleveland, Ohio 44114-2378**

on this 28th day of March, 2007.

/s/
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 616-0739