IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY BRAGDON, | ) CASE NO. 06-0258 (JR) |
| | ) |
| Plaintiff, | ) JUDGE JAMES ROBERTSON |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**SUR-REPLY MEMORANDUM BY PLAINTIFF, ANTHONY BRAGDON, IN RESPONSE TO DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS**

**A.  Plaintiff's FTCA Claims are Timely and were Filed Within The Statute of Limitations Period**

Preliminarily, counsel is constrained to observe that never, in his 28 years as both an Assistant United States Attorney and a private practitioner, has he received a brief so full of haughty invective and sneering taunts as Defendant's Reply.  (Surely, Defendant's Reply cannot be the work of an AUSA, and counsel refuses to believe that it is.)

In any event, counsel will endeavor to respond to the Government's personal attacks *seriatim*, as follows:

First off, Defense counsel expends nine pages of text to demean Plaintiff's position that Heck v. Humphrey, 512 U.S. 472 (1994) is controlling.  Indeed, Heck is controlling, although not in the way Defendant would have the court believe.

Simply put, in the context of a § 1983 claim, the United States Supreme Court in Heck held:

> . . . in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has

> been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a write of habeas corpus, 28 U.S.C. § 2254. A claim of damages bearing that relationship to a conviction of sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit. (Footnotes omitted.) (Emphasis added.)

Heck, at 486-87. (emphasis added.)

Oddly, Defendant uses this argument to support its theory that "even if defendant did negligently hire, supervise and train its employees (and/or negligently investigate Plaintiff's case), such a finding of negligence, standing alone, would not necessarily have constituted a sufficient defect in the case against Plaintiff to compel Plaintiff's acquittal of the charges against him." (Defendant's Reply at p.4) (emphasis added).

Really? Well, let it be pointed out that Defendant's negligence, and specifically the work of its lab employees who conducted analysis on the carpet fibers found in Plaintiff's criminal case did result in Plaintiff's acquittal. As noted in the D.C. Superior Court's March 14, 2003 Opinion which vacated Plaintiff's conviction:

> The prosecution based more than a significant part of its case on the important role the carpet fiber evidence played in corroborating Ms. Farmer's testimony. In her closing argument, the Assistant United States Attorney highlighted Mr. Malone's testimony that the fibers on Ms. Farmer's clothes came, in all likelihood, from Mr. Bragdon's carpet and that it was not in dispute where they came from. (Tr. at 367.) She also argued that the carpet fiber evidence proved that Ms. Farmer was lying on the carpeted floor in the Defendant's apartment (Tr. at 367-368, 392-393).

> The circumstances of the jury deliberations and apparent compromise verdict demonstrate the crucial part this testimony played. The jury plausibly could have believed that the only possible source of the fibers found on Ms. Farmer's clothes was the carpet in Mr. Bragdon's apartment. If the jurors had known that: <u>(1) Mr. Malone testified falsely as to the absence of other possible sources and that other fibers besides carpet exist in the trilobal form, and (2) that he did not disclose the existence of other, non-matching fibers recovered from Ms. Farmer's clothing, or (3) that he performed longitudinal testing that was not sufficient to draw the kinds of conclusions about which he testified, the outcome of the trial reasonably could have been different.</u>
>
> The Government found it necessary to conduct an independent investigation of Mr. Malone and his testimony in various cases. Obviously Mr. Malone's testimony in the present case was significant enough to cast doubt on the outcome of the trial. <u>The Government should not be able to escape the gravity of such a situation by asserting lack of knowledge.</u>
>
> <u>The Court concludes that in this case, false testimony was presented to the jury. The Court concludes that there is a reasonable likelihood that this false testimony affected their verdict. Under these circumstances, the Defendant is entitled to a new trial</u>. (emphasis added.)

D.C. Superior Court Opinion, March 14, 2003, pp. 12-14.

Indeed, false testimony through negligence and any other means must be acknowledged and cannot be excused by the Defendant.

Now, Defendant has the temerity to suggest that Plaintiff's negligence claims would necessarily have accrued earlier than his acquittal, when such is illogical and, in fact, <u>Heck</u> says quite the opposite.

Defendant then goes on to parse two other cases cited by Plaintiff, <u>Parris v.U.S.</u>, 45 F3d 383 (10th Cir. 1995) and <u>Hinton v. U.S.</u>, 91 Fed Appx. 491(6th Cir. 2004) as instructive; both, of which rely on <u>Heck</u>. Indeed, both are instructive here in Plaintiff's favor.

Defendant's confusing reply appears first to claim that "Defendant's alleged negligent actions would <u>not</u> render Plaintiff's conviction or sentence invalid."  Note, Defendant's negligence <u>did</u> render Plaintiff's conviction invalid.

Second, Defendant quotes inapplicable portions of <u>Heck</u>, <u>Hinton</u>, and <u>Parris</u>, as standing for the proposition that Plaintiff mis-plead his complaint while at the same time acknowledging that ". . . <u>here, Plaintiff appears to have properly-pleaded negligence claims</u>." (Defendant's Reply at p. 6.) (emphasis added.)

Thus, while Plaintiff may have petitioned the Superior Court of the District of Columbia to have his conviction set aside on March 27, 2002, any ruling in an FTCA case brought <u>before</u> his criminal case was set aside, would have resulted in summary judgment for the Government because a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction.

So, how does the Government argue its way around this logic? By claiming that ". . . a finding of negligence would not necessarily have invalidated Plaintiff's claims, <u>so</u> Plaintiff could have maintained a negligence suit under the FTCA even before the conviction was set aside." Defendant's Reply at p. 6. Again, according to the Defendant, this Court's decision should turn not upon the pleadings and the law, but rather a declaration by the Government that, well, we the Government believe the Plaintiff could *certainly* have found relief by means of an alternative procedure (and to heck with the eleven years Plaintiff idled away in prison).

**B.     Plaintiff Properly Exhausted His Negligence Claims in Accord with 28 U.S.C. §2675**

Plaintiff has complied with the presentment requirements under 28 U.S.C. §2675, as set forth in <u>GAF Corp v. U.S.</u>, 818 F2d, 901, 917-21(D.C. Cir. 1987). As submitted previously, under <u>GAF</u>, proper presentment entails the filing of: "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." <u>GAF</u>, 818 F.2d at 919. (some citations omitted). Plaintiff has satisfied this two-prong requirement and has provided sufficient descriptions of his injury and damages.

The Defendant's claim that Plaintiff's SF-95s are/were somehow insufficient is not credible, especially in light of the D.C. Superior Court's Order vacating Plaintiff's conviction, the reasoning and content of the opinion of the D.C. Superior Court, and the nature and substance of the published 1997 OIG special report which focused on the practices and alleged misconduct in cases investigated and reviewed at the FBI Laboratory. Plaintiff further argues that his submission of two separate Standard Form 95s - containing a summary statement was sufficient to put the FBI and the United States Department of Justice on notice of Plaintiff's injury.

Oddly, Defendant attacks Plaintiff's reference to the Standard Form (SF) 95 submitted March 7, 2005, which contained a comprehensive summary of Plaintiff's personal injuries. The Government claims that the SF-95 "further demonstrates Plaintiff's blatent [*sic*] failure to present these claims at the administrative level." Defendant's Reply at p. 10.

As noted previously, the United States should already have been on "notice" of Plaintiff's claims relative to the FBI and/or United States Department of Justice' actions and inactions in connection with Plaintiff's injury claims through the Office of the Inspector General's 1997 Special Report. The Defendant seems to be arguing that the existence/publication of that 1997 Report should have somehow placed more constraints on the manner in which Plaintiff filed his Standard Form 95's. Plaintiff's efforts to vacate his conviction were hard-fought and concessions were not handed over on a platter by the United States during those proceedings. Thus, the Defendant's <u>confirmation</u> now of the "falsity of the (agent's) report" and, its <u>admission</u> of the "obvious fatal defect in the government's criminal case against (Plaintiff)" (Supplement Memorandum, p.4) would have been welcome news at the time Plaintiff petitioned to set aside his conviction.

Plaintiff initially believed the actions, errors and/or mis-conduct of Agent Michael Malone was the result of intentional and malicious conduct. Now, after some discovery, it has become more evident that fault and responsibility for Plaintiff's injuries lie more clearly with the United States. The injuries suffered by Plaintiff and the underlying circumstances which occurred lead to a reasonable conclusion of negligence on the part of the United States.

Plaintiff has met the presentment requirements of 28 U.S.C. § 2675 and provided the agencies sufficient information to begin their own investigation(s). Plaintiff's description of what happened and the injuries he sustained clearly give rise to claims of negligence which claims have been properly exhausted.

Defendant's twisted logic in arguing that the Government was not put on proper notice of negligence constitutes a patent failure to accept and acknowledge the obvious.

**C.     Claims for Negligence Properly Recognized Under the FTCA**

The Government's position regarding Plaintiff's compliance with the FTCA would be laughable were it not so serious. The Government quotes from <u>Berkovitz v. U.S.</u>, 486 U.S. 531, 537 (1988), that "because the [discretionary function] exception was designed to 'prevent judicial second guessing of legislative and administrative decisions grounded in social, economic and political policy through the medium of an action in tort,' the Court concluded that the exception 'protects only governmental actions and decisions based on considerations of public policy.'" (Defendant's Reply at p. 15.) Could there possibly be a holding that better supports the Plaintiff than this? Certainly, the Defendant cannot in good faith argue that <u>Berkovitz</u> stands for the proposition that the FBI should be free to practice the negligence so clearly evidenced in the Special Report and in the findings set forth by the D.C. Superior Court in its March 14, 2003 Order vacating Plaintiff's wrongful conviction.

**D.     Conclusion**

For the foregoing reasons and authorities cited, Plaintiff respectfully requests that the Honorable Court deny the Defendant's Motion to Dismiss, its Supplement Memorandum in Support of its Motion to Dismiss, and its Reply. Plaintiff further requests this Court permit him to proceed against the United States on his FTCA claims and the allegations set forth against the United States in his First Amended Complaint.

                                                            Respectfully submitted,

                                                /s/ Richard G. Lillie            .
                                                Richard G. Lillie (DC# 427882)
                                                Gretchen A. Holderman (OH#0058508)
                                                75 Public Square, Suite #1313
                                                Cleveland, Ohio 44113
                                                Telephone: (216) 861-1313
                                                Facsimile: (216) 861-1314
                                                Email: lillie13@sbcglobal.net

## CERTIFICATE OF SERVICE

The foregoing was filed electronically on May 30, 2007. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system, or, if this means fails, then by first class mail, postage prepaid, addressed to:

Jeffrey A. Taylor  
United States Attorney  
Office of the United States Attorney  
Civil Division  
555 4th Street, N.W.  
Washington, D.C. 20530  

Oliver W. McDaniel  
Assistant United States Attorney  
Office of the United States Attorney  
Civil Division  
555 4th Street, N.W.  
Washington, D.C. 20530  

Rudolph Contreras  
Assistant United States Attorney  
Office of the United States Attorney  
Civil Division  
555 4th Street, N.W.  
Washington, D.C. 20530  

                                                /s/ Richard G. Lillie
                                                Richard G. Lillie