UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**ANTHONY BRAGDON,**                )
                                    )
      **Plaintiff,**            )
                                    )
      **v.**                   )   Civil Action No. 06-0258 (JR)
                                    )
**THE UNITED STATES OF AMERICA,**   )
                                    )
      **Defendant.**            )
_____ )

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY**

    The United States of America, through counsel, the United States Attorney for the District of Columbia, respectfully files this memorandum in opposition to Plaintiff's motion for leave to file a sur-reply. Counsel for the Plaintiff failed to confer with Defendant's counsel about the motion, as required, and offers little more than a tempestuous version of his opposition brief as his sur-reply. Plaintiff thus does not have a valid basis to vary from the established procedures of this Court for the purpose of filing an additional responsive document. For these reasons and those set forth in the following memorandum, Plaintiff's motion for leave to file a sur-reply should be denied.

**DISCUSSION**

    Defendant notes that Plaintiff's sur-reply consists of large segments of text that appear to have been "cut" from his opposition memorandum and "pasted" into the sur-reply that he seeks the permission of this Court to file. Such a filing falls woefully short of "new argument" that logically would justify the filing of a sur-reply. Groobert v. President and Directors of Georgetown College, 219 F.Supp.2d 1, 13 (D.D.C. 2002) (The standard for granting leave to file a surreply is "whether the party making the motion would be unable to contest matters presented to the court for the first

time in the opposing party's reply."), quoting Lewis v. Rumsfeld, 154 F.Supp.2d 56, 61 (D.D.C.2001). "The Local Rules do not provide for the filing of a sur-reply, nor do the Federal Rules of Civil Procedure." Arakelian v. National Western Life Ins. Co., 126 F.R.D. 1, 3 (D.D.C. 1989).

This Court has discretion whether to permit the filing of a sur-reply. Groobert, 219 F.Supp.2d at 13. While repetition did not strengthen Plaintiff's arguments, Defendant, nonetheless, urges the Court to deny Plaintiff's motion for leave to file as improper.

WHEREFORE, Defendant submits that Plaintiff's Motion for Leave to File Surreply should be denied.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of the foregoing Defendant's Memorandum in Opposition to Plaintiff's Leave to File Sur-reply has been made by the U.S. District Court Electronic Filing System or, if this means fails, then by mailing copies thereof to:

**Richard G. Lillie**
**2300 BP Tower**
**200 Public Square**
**Cleveland, Ohio 44114-2378**

on this 14th day of June, 2007.

                                                    /s/
                                    OLIVER W. McDANIEL, D.C. Bar #377360
                                    Assistant United States Attorney
                                    Civil Division
                                    555 Fourth Street, N.W.
                                    Washington, D.C.  20530
                                    (202) 616-0739